## Richardson *against* Backus.

RUSSEL moved to set aside the *capias ad satisfaciendum* in this cause, for irregularity, and that the defendant be discharged from custody. From the affidavit it appeared chambers, and it will be considered as taking effect from the judgment.—It is sufficient if the penalty be to the amount of the judgment, and the bail cannot gainsay their recognizance. Notice of bail need not state before whom it was taken.

ALBANY,
August, 1806.

Richardson.
v.
Backus.

that the rule for judgment was entered the 15th day of *May* last, and the judgment roll filed the 21st day of *June*. A recognizance of bail in error, had been duly entered into in *February* term last, and on the twenty-third day of *June* last, a writ of error was filed with the clerk of this court, and on the same day notice of the writ, and of the bail in error was served on the *agent* of attorney of the plaintiff, in *Albany ;* and a like notice was afterwards, on the 4th of *July*, served on the attorney himself, who resides in the county of *Washington.* The *ca. sa.* was issued the 26th day of *June*, on which the defendant was taken the 9th day of *July*, and imprisoned. It was contended, 1. That the writ of error was a *supersedeas* in this case, and the execution, therefore, irregular. See 1 *Term*, 279. *Jacques* v. *Nixon. Barnes*, 3.6. 1 *Salk*, 321. 3 *Term*, 390. *Wm. Blk.* 1183. 2 *Stra.* 867. 1186. 1 *East*, 662. 2 *East*, 44. 3 *East*, 546. *Willes*, 271. 2 *Tidd's Practice*, *K. B.* 101. *Sellon's Practice*, 578. 2. The rule for judgment ought not to have been entered until four days after the 15th of *May.* The defendant has four days in full term, before final judgment can be entered. 1 *Sellon's Practice*, 497, 498.

*Shepherd*, contra. There can be no doubt that a writ of error with recognizance of bail is a *supersedeas.* The act, however, requires the bail to be put in before the court in which the judgment has been given, before the writ of error can become a *supersedeas.* The defendant ought to have shown in his notice, before what authority the bail was taken. The recognizance was entered into during *February* term, and as the statute requires the bail to be in double the amount recovered, he should have waited until the judgment was perfected. The bail here, was put in too soon, and could have no effect; a writ of error is a nullity unless bail be put in within 4 days after the allowance. 1 *Term*, 279. 2 *Term*, 44. 1 *Sellon*, 578.

*Russel*, in reply. It was sufficient to give notice that bail was put in, and it was not necessary to state before

whom it was taken. The plaintiff, if dissatisfied, might have applied to the clerk's office, where the recognizance was filed. A writ of error may be brought before the judgment is entered up. Here the judgment has relation to the first day of *February* term, as will appear from the record.

*Per Curiam.* The writ of error was a *supersedeas* to the execution. A recognizance taken before a judge at his chambers, is a sufficient compliance with the directions of the act. Though taken after the inquisition and before the rule for judgment, it is not vitiated. It was during the term, at which the inquisition was returned, and the motion made for judgment. The penalty was to the amount of the judgment, and the bail are estopped from gainsaying their recognizance. It will be deemed as taking effect from the judgment. As the attorney of the plaintiff is supposed to have acted *bona fide*, we shall save him from the consequences of his act. The rule is, therefore, granted with the costs of this application, on condition that no action for false imprisonment be brought by the defendant.

Rule granted.