NEW-YORK,
May, 1823.

MANHATTAN
COMPANY
v.
OSGOOD.

THE PRESIDENT and DIRECTORS of the MANHATTAN COMPANY *against* OSGOOD and others.

S. JONES, for the defendant, moved for a rule to enter continuances, by *cur. adv. vult.* upon the roll on file, from *January* term, 1817, to *January* term, 1818. Also, to enter thereon the *bill of exceptions*, taken on the trial of the cause, at the *New-York* sittings, in 1816. The cause was argued upon this bill, and a case made, at *October* term, 1817, and judgment rendered for the plaintiffs in *January* term, 1818. [Vid. 15 *John. Rep.* 162.]

A writ of error was brought *within* five years after *January* term, 1818, but *more* than five years after *January* term, 1817. The record, with the bill of exceptions attached thereto, was returned and sent with the writ to the Court for the Trial of Impeachments and Correction of Errors, upon which errors were assigned. A motion was made there, at the last term of *that* Court, to *quash* the writ of error, on the ground that it was barred by the statute of limitations; on which motion it appeared, that the continuances now moved for, were omitted upon the roll, so that the judgment was entered thereon as of *January* term, 1817, and appeared to have been rendered more than five years before error brought. The bill of exceptions was also omitted in the roll. The Court of Errors, on the application of the counsel for the plaintiffs in error, thereupon, ordered that they have leave to withdraw their assignment of errors, which was done; and that the proceedings and consideration of the motion to *quash* the writ of error, should be staid till the *next* term of that Court, in order to give the plaintiffs in error an opportunity of applying to *this* Court to amend.

*Jones*, said the object of entering the continuances was to avoid the effect of the statute of limitations, (*Sess.* 24, *ch.* 10, *s.* 9, 1 *R. L.* 134,) which confines the bringing a writ of error to *five years* after judgment rendered. Such an

The plaintiff cannot, by omitting to enter continuances between the return of the postea and judgment, prejudice the defendant's right to bring a writ of error.

And where the judgment is in fact rendered within five years, but, by omitting the continuances, it appears of record to be more than five years, before error brought, the court will order the continuances entered *nunc pro tunc,* so as to avoid the statute of limitations.

When a bill of exceptions has been taken, but not entered on the roll, nor filed, nor attached to the record, the court will, even after a delay of several years, direct it, on motion, to be so filed and attached, for the purpose of enabling the party to bring error.

CASES IN THE SUPREME COURT

NEW-YORK, amendment would be according to the fact. As to the bill
May, 1823. of exceptions, the practice *before* the statute, (*Sess.* 36, *ch.*
MANHATTAN 3, *s.* 4, 1 *R. L.* 319,) which requires the Judge to return the
COMPANY bill into Court at the next term after the trial, and provides
v. that it shall be made matter of record, was, either to enter
OSGOOD. the bill of exceptions upon the roll, or attach it to the re-
cord.(*a*)    And we suppose there can be no objection to this
course *since* the statute.

    *W. Slosson* and *T. A. Emmet*, contra.    The object of
the amendment sought is to reverse the judgment.    The
bill of exceptions is not filed, nor the writ of error brought,
till the last moment of the five years to which the
party is confined by the statute.    Execution has issued, and
sales and satisfaction have been made under it.    And all this
upon a judgment perfectly regular.    Neither the case, nor
the motion for a new trial, was any part of the record ;
and, in legal contemplation, the judgment is entered upon
the return of the *postea*.    The plaintiff might have contin-
ued the cause down, but was under no obligation to do so.
No day is given on the roll beyond the return of the *postea*.
(*Com. Dig. Pleader*, *V.* 2.    1 *Leon.* 187.    *Lakins* v. *Lamb
& Holt, Cro. Car.* 235-6.    *Crispe & Jackson* v. *The Mayor,
&c. of Berwick,* 1 *Ventr.* 58, 59, *S.·C.* 1 *Sid.* 462.    *Lure* v.
*Rest,* 10 *Mod.* 30.)    And where a party dies, pending a case,
the Court may direct the judgment to be entered *nunc pro
tunc.    (Farnel* v. *Tipper, Latch,* 92.    *Tooker* v. *The Duke
of Beaufort,* 1 *Burr.* 146.    *Fuller* v. *Jocelyn,* 2 *Str.* 882.
*Toulmin* v. *Anderson,* 1 *Taunt.* 385.    *Mackay* v. *Rhinelan-
der,* 1 *John. Cas.* 410.)(*b*)

    The only reason why judgment could not be so entered,
was that it formerly bound lands from the time of the rendi-
tion ; but this inconvenience is now provided against by the
statute, (*Sess.* 36, *ch.* 50, *s.* 2, 3, 1 *R. L.* 501,) which provides
that judgments shall affect lands only from the time of judg-
ment being signed and the roll filed and docketed. (*Taylor
v. Matthews,* 10 *Mod.* 325.)    And in this case, the judgment

    (*a*) *Bull. N. P.* 317, 319.
    (*b*) And vid. 1 *Burr.* 221 ; and *Dartmouth College* v. *Woodward,* 4 *Wheat.
Rep.* 714.

being against heirs, even the common law affords no objection, for the lands are bound from the very commencement of the suit. (*Laws, N. Y. sess.* 36, *ch.* 93, *s.* 2. 1 *R. L.* 317.) We have then brought this amendment to the *discretion* of the Court. And, being a matter of discretion, they will not grant leave to amend, in order to *reverse* a judgment, but only where the amendment goes to *sustain* it. (1 *Leon.* 13, 134. *Bac. Abr. tit. amendment and jeofail, and the cases there cited. Gilb. Com. Pleas,* 164.) The statute of amendments and jeofails, (*Laws, sess.* 11, *ch.* 32, 1 *R. L.* 117,) is in *affirmance* of judgments only. (*Bac. Abr. amendment and jeofail, F. Gibb. Com. Pleas,* 164.)

Again, if we were *regular* in entering our judgment as of *January* term, 1817, if the defendant wished to prevent the exercise of this right, and have the judgment entered as of a subsequent term, he should have applied at the time. The Court will not relieve against such enormous laches.

Until the very last day of the limitation, this bill has continued in the parties' possession. It is then filed. This is irregular. The Court would not have given them leave to do this on motion. Even at common law, the merely filing a paper did not make it a matter of record; and by the statute, it is expressly required to be filed, under the *direction* of the Judge. Under the old statute he was bound to appear in open Court, and acknowledge the bill to be his act.(c) The late statute (1. *R. L.* 319) says, " It shall be the duty of the Justice who puts his seal thereto, for a witness, to return the same bill into the said Court, at the next term thereof; and the said bill of exceptions, together with the said judgment thereon, shall be made a matter of record." The proceeding, in this cause, was under the last statute. The bill should have been returned with the *postea*, and made matter of record, otherwise the Court can give no judgment upon it. The statute has not been pursued. Here, then, there has never been a bill of exceptions. If the Court dispense with a return in this case, they may, with the same propriety, in every case; and a fraudulent party has it, thus, in his power to alter the bill.

(c) Vid. 1 *K. & R. R. L.* 376. *Money et al.* v. *Leach,* 3 *Burr.* 1692. 9 *John. Rep.* 288, *n. a.*

NEW-YORK,
May, 1823.

MANHATTAN
COMPANY
v.
OSGOOD.

Again; by coming so late, and delaying to file the bill till the last moment, it amounts to an abandonment of the bill. The circumstances are stronger than those which were holden to amount to an abandonment of the suit in *Field* v. *Howland*, (17 *John. Rep.* 85.)

If the Court have a discretion, they will, in an unconscientious defence of this kind, exercise it, by refusing the amendment. The plaintiffs took what every bank had taken on discount; and the conveyances in question were fraudulent, and so found by the jury, as appears by the report of the case in 15 *John.* 162. And, in *England*, wherever judgments have been entered up as of an antecedent term, no exception will be found in favour of a writ of error.

We have shewn that the plaintiff may choose whether he will enter these continuances or not. He may *elect* to do this, in order to avoid the consequences of delay, which would require a *scire facias* before execution. But can the defendant *compel* this, with a view to his own benefit? The statute, limiting a writ of error to five years after *rendering judgment,* has reference to the rule of the common law, that judgment may be entered as of the term when the *postea* is returned. Otherwise, the defendant gains the time which is taken for arguing and deciding the case, and adds it to the five years for the writ of error. This is a delay not contemplated by the law; and of which he cannot, therefore, avail himself. The only object of entering these continuances is to benefit the plaintiff.

*J. Wells,* in reply. The other side proceed upon the assumption that the *defendants* have no rights—the *plaintiffs* all. Accordingly, it is said, delay shall not prejudice the *plaintiffs.* The Court will add to this proposition, that it shall not injure the *defendants.* The statute gives five years, for bringing error, from the time of *rendering the judgment.* Gentlemen do not read it so. With them, it is only from *filing the postea.* When a question of law arises at the trial, there must necessarily be some delay in disposing of it. The plaintiffs are, therefore, allowed to go back, by a *fiction,* to the return of the *postea.* And they now claim that the effect of this *fiction* is to shut us out from a writ of error. Suppose a delay of five years, before the judgment is, in

fact, entered ; a writ of error cannot then be brought at all. We are thus, according to the plaintiffs' reasoning, placed at their mercy, to have our rights abridged or divested, by their partial or total delay, for the five years, in entering judgment. Whether we exercise our right of calling for an amendment early or late, can make no difference, provided we are within the five years with our writ of error. The general rule, that judgment may be entered as of the term at which the *postea* is returned, is not disputed. Many of the authorities cited, to shew this, are old ones, where cases were brought up on *special verdicts.* Suppose judgment had been entered on these verdicts as of the term at which the *posteas* were returned : would this have been allowed to prejudice the party to any purpose ? The *case* adopted by our rules comes as a substitute for the special verdict. And the same rule should be applied. The rule, on the return of the *postea,* is a rule *nisi.* If cause is shewn, the judgment cannot be entered. And an order to stay proceedings enlarges the four day rule. Thus, the whole proceedings are carried forward, *in fact,* to a period when the Court actually come to adjudicate ; and the cause ought to be continued on the roll to that time. The other side, then, have been irregular in omitting these intermediate continuances. The Court, to subserve the purposes of justice on both sides, will order an entry, *nunc pro tunc ;* though not where it will operate to the prejudice of either party. As to entering the continuances, then, we claim it as matter of right.

The application, to enter the bill of exceptions upon the roll, rests upon discretion. It is said, the Court will not amend for the purpose of reversing, but only in affirmance of judgments. Whether the amendment sought will tend to affirm or reverse, as yet, *non constat.* And the Court of Errors, by sending us here with a view to amend, shew that our proceedings are not exceptionable on this ground. The plaintiffs make up the record. They do this at their peril. We had nothing to do but to presume it regular. The omission is not discovered till we go into the Court of Errors. In practice, the bill of exceptions is rarely brought before the Court, as a bill, but merely as making a part of the case.

for a new trial ; and it is afterwards thrown into the form of a bill. As to the objection of waiver, by suffering an execution to issue, that is the consequence of every judgment, whether the bill of exceptions be seasonably filed or not. Nor can the purchasers, under an execution, be defeated by a *reversal* of the judgment. And whether the judgment is to have effect from the time, as of which, it is entered on the roll, or from the time of docketing, cannot be made a question ; for here it binds from the commencement of the suit.

The *Court*, after having the cause under advisement for several days, granted the motion for a rule to enter the continuances, and directed that the bill of exceptions be attached to the judgment roll.

Motion granted.