### Pierre Teller v. Henry Willis.

*Statute of Limitation: Writ of error.*—The statute limiting the time for bringing writ of error, commences running from the rendition of the judgment, and is not affected by the settlement of exceptions afterwards.

*Settlement of exceptions after error brought.*— A party is not obliged to wait until his exceptions are settled before suing out his writ of error. The exceptions, if sealed and filed after error brought, may be brought up like any other omitted portion of the record.

The Supreme Court will always give a plaintiff in error the benefit of his exceptions, — unless by his fault or laches he has occasioned the delay himself — by extending the time for return, or for the assignment of errors, or by allow* ing a new assignment, as the case may require.

*Heard May 17th. Decided May 24th.*

This cause having heretofore been dismissed as not brought in time [ante p. 268], a motion was now made to reinstate the same, on affidavits stating facts to excuse the delay.

*G. Woodruff,* for the motion :

The main question is, whether the statutory limitation of writ of error to two years from the judgment, or

TELLER v. WILLIS.

other final determination of the [case, begins to run pending the settlement of a bill of exceptions.

The affirmative of this question can not fail to strike harshly upon every ear at all sensitive to the discordant utterances of the law. It is a case so hard that it ought to find no countenance short of the imperial mandate of *stare decisis.* And that we say has not been proclaimed.

A statute limiting the period during which a writ of error may issue is not more imperative nor entitled to a stricter construction than a statute limiting the period during which an action may be commenced in a court of original jurisdiction. Nay, the accidents to which witnesses and documents are liable in the latter, constitute a distinction in favor of less strictness in regard to the former.

Now in regard to the general statutes of limitation, which are essentially in *pari materia,* it has been settled that if, at the time the right of action accrues, there is no person who can sue, and no one who can be sued, the limitation will not begin to run till there is such a person in esse: — 5 *B. & Ald.* 204; 15 *Conn.* 149; 1 *Johns. Cas.* 76. So when the right of action is suspended: — 12 *Wheat.* 129. And even when it is liable to be suspended: — 4 *Mass.* 16. *See particularly pages 25, 26, 27, 28 and 29.*

Though the particular statute in question here does not in terms provide that the period limited by it shall commence from the time the right to the writ accrues or it can be issued with effect, yet by all analogy of construction that condition is implied.

The impossibility of issuing the writ of error until the bill of exceptions was settled, without defeating the entire object and end of issuing it at all, is supposed to be sufficiently clear upon the authority of 2 *Tidd Pr.* 863 and the case of *Dillon v. Parker,* 1 *Bing.* 17.

*E. C. Hinsdale,* contra.

CAMPBELL J. :

Plaintiff in error moves to reinstate this case, which was dismissed as brought into Court too late. The affidavits show that the bill of exceptions, which was signed under a mandamus from this Court, was delayed, in its final settlement, at the request of the counsel for defendant in error. There was no laches in plaintiff in error, or his counsel, up to the time of signing the bill of exceptions. The writ was issued and served within a year from that time, but more than two years after judgment.

We think there can be no doubt that the statute bar commences running from the rendition of judgment: — *Fleet v. Youngs*, 11 *Wend.* 522; *Lee v. Tillotson*, 4 *Hill*, 27; *Manhattan Co. v. Osgood*, 1 *Cow.* 65. The exceptions do not operate upon the judgment in any way, until steps are taken to remove the cause for review. And we do not well see how any saving clause can be introduced into the statute, which is not within the fair meaning of its language.

The question then arises, whether a party is bound to wait for the sealing of a bill of exceptions before he issues his writ of error. It is said by *Mr. Tidd* (2 *Tidd's Pr.* 863) that by bringing a writ of error before the bill is signed, it is waived. For this he cites *Dillon v. Parker*, 1 *Bing.* 17; *S. C.* 11 *Price*, 100. The report in Bingham sustains this view, but the report in Price is more full, and it there appears that while *Wood B.* took this view, *Parke and Burrough, JJ.* placed their decision upon a different ground. The case was an application to the Court of Exchequer Chamber to compel the defendant in error to settle a bill of exceptions, so that the Judge who tried the cause might seal it, and also for an order directing the transcript to be amended by annexing the bill of exceptions when it should be completed. The majority put their decision upon the ground

that the Court of King's Bench must be applied to, in order to obtain the settlement, after which it might be brought up *by an allegation of diminution,* thus distinctly intimating that when sealed and filed it might be brought up like any other omitted portion of the record. The same question came up in the Common Pleas, in *Willans v. Taylor,* 6 *Bing.* 512, where, after the case had been removed by writ of error, an order was obtained requiring the plaintiff below, who had retained the copy of exceptions served on him, to return it for settlement. The case of *Dillon v. Parker* was referred to, and the Court held that it decided nothing which would prevent a party from being entitled to have his exceptions settled; and plaintiff was compelled to obey the order, the Court refusing to discharge it. They said it would be for the court of error to determine whether it would be allowed to be taken up after settlement. It appears by the report of the same case in the Exchequer Chamber, *Taylor v. Willans,* 2 *B. & Ad.* 845, that an order was subsequently made in the court of error, allowing the bill of exceptions to be tacked to the record; and the decision of the appellate court is based wholly upon the questions raised on exception.

In Willans v. Taylor, the counsel for the plaintiff in error, in order to show that the Court in *Dillon v. Parker* could not have held a writ of error to be a waiver of exceptions, referred to the almost uniform practice that has always prevailed, of issuing writs of error before judgment is entered (and therefore before exceptions are ever in fact settled), in order to prevent execution. Mr. Tidd recognizes this as the usual practice:— 2 *Tidd's Pr.* 1141; *see also Arnold v. Sandford,* 14 *Johns.* 417; *Richardson v. Backus,* 1 *Johns.* 493.

It is a very common practice to allow parties in error to supply deficiencies in the record, and to apply to the Court below to have the record corrected. In the case of

the *Manhattan Bank v. Osgood*, 1 *Cow.* 65, the Court
of Errors of New York gave leave to plaintiffs in error
to withdraw their assignment of errors, and to apply to
the Supreme Court to have the real date of giving judg-
ment made to appear, and also to send up the bill of
exceptions, when more than five years had elapsed since
the date of which judgment was rendered, and that lapse
was set up in bar of the writ. It is manifest that cases
might easily arise, of which the one before us is an illus-
tration, where the statutory bar might become complete
before exceptions could be obtained from the Judge set-
tling them. It would lead to singular results, were there
any waiver of exceptions caused by suing out a writ
before settlement. In Lord Hale's notes to Fitzherbert's
*Natura Brevium*, vol. 1, p. 22, note *d.*, occurs this pas-
sage. " By good opinion, one of the justices may deliver
the bill into Court without a *scire facias;* yet in that
case (11 H. 4. 65,) a *scire facias* issued, and the justices
came and acknowledged their seals; and it was held, that
this acknowledgment of the justices might be made long
time after the writ of error brought, and after the *scire
facias* awarded, and that no new *facias* shall issue; for
it is now become parcel of the record *ab initio*, as in
the case of diminution alleged after a *scire facias*. The
defendant shall not allege diminution in the bill of excep-
tions, but ought to have shown his case when the justices
came to set their seals. See 1 *H.* 4, 92. See also 11 *H.*
4, 67 *and note;* 11 *H.* 4, 92, *per Gascoign and Huls*. it
was held clearly, that the bill may be sealed after the record
removed by writ of error."

Our statute also plainly contemplates that the proper
steps may be had to compel the signing of a bill of
exceptions by the Judge who tried the cause, without
reference to the issuing of a writ of error:— *Comp. L.*
§ 4406. But we conceive the rule very clearly settled by
the authorities referred to. The Supreme Court will

always give a plaintiff in error the benefit of his excep-tions, unless by his fault or laches he has occasioned the delay himself, by extending the time for return, or for the assignment of errors, or by allowing a new assignment, as the case may require.

The question involved in this motion came up in *Brown v. Bissell*, 1 *Doug. Mich.* 273, where it was held by this Court, under our former statutes, that a bill of exceptions signed after error brought was at most merely irregular; and the English cases in 6 *Bingham, and* 2 *Barn. & Ad.* were cited as showing that such a bill was good. We have thought it our duty to examine into the matter somewhat at length, as the counsel for plaintiff in error has been misled by the doctrine laid down by Mr. Tidd, into a mistake which, as the facts appear to us, we regret exceedingly that we are not able to rectify. As the stat-utory bar is complete, we are compelled to decline to rein-state the case. The equities being very plainly with the plaintiff in error, we deny his motion without costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J. was absent at the decision.