[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 87 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 88 
This action was brought by the respondents against the appellant, in the superior court of the city of New-York, to recover a balance due to them for work done on the railway of the appellant, under a contract, and for damages sustained by a breach of the contract.
The cause was referred to referees, and they reported a large sum due to the respondents for work done, and another large sum due them for damages sustained for a breach of the contract. In obedience to an order made by the superior court, the referees reported specially the testimony and proceedings before them. A motion was made by the appellant to set aside the report; it was denied by the court and judgment given in favor of the respondents for the whole amount reported to be due to them. The special report of the referees having been incorporated in the record, the appellant brought a writ of error to the *Page 89 
supreme court. That court affirmed the judgment of the superior court so far as given for a balance due the respondents for work done, and reversed it so far as given for damages for a breach of the contract. Both parties have appealed to this court, from the judgment of the supreme court.
The first question is whether the supreme court had authority to affirm in part, and reverse in part the judgment of the superior court.
I see no objection to the exercise of such a power. The present supreme court, in each district, has the same powers and exercises the same jurisdiction as our former supreme court. (Laws of 1847, p. 323, § 16.)
That court often exercised the power of affirming in part and reversing in part, a judgment brought in review before it on writ of error, where such judgment was for distinct things. (Smith
v. Jansen, 8 John. 111; Bradshaw v. Callaghan, id. 558;Anonymous, 12 id. 340; See also Bronson v. Mann, 13 id. 460; Williams v. Sherman, 15 id. 195; Dennison v.Collins, 1 Cowen, 112; Parker v. Van Houten, 7 Wend. 147; Sheldon v. Quinlen, 5 Hill, 442, and note (a).)
The principle settled in these cases seems to be this: that where a judgment is not entire, but is for different things separable in their nature, and separated on the record, the supreme court, under its common law powers, may reverse in part and affirm in part. In the present case, the two grounds of recovery are in their nature distinct, and are in fact separated through the whole proceedings. The testimony which shows the amount due for work done, has no bearing on the claim for damages for a breach of the contract, and vice versa. The referees consider the two subjects separately and report a distinct amount for each. There is no controversy about one, while there is a serious question about the other. On the whole, I think this a proper case for reversal in part and affirmance in part, provided the part reversed is erroneous.
The next inquiry then is, whether the judgment of the supreme *Page 90 
court, reversing the judgment of the superior court so far as it related to damages for a breach of the contract, is correct.
On this branch of the case there is only one question presented which this court can review, and even that is embarrassed by the want of a distinct finding of the facts by the referees. That question relates to the rule of damages for the breach of the contract, which the referees appear to have adopted and the superior court approved. The respondents made sub-contracts for all the work they had contracted with the appellant to perform on their railway, and the only evidence given of the damages sustained by the respondents, by reason of the suspension of the work by the appellant, was the testimony of the appellant's chief engineer, who proved and verified a statement of the difference between the amount the respondents were to receive on their contract with the appellant, and the amounts they were to pay on their sub-contracts. This witness also proved that, at the time the work was stopped, labor and materials were decreasing in value, and had been decreasing for some time previous. On this testimony the referees reported, that there was due to the respondents for damages sustained by them for a breach of the contract by the appellant in suspending the work, the exact difference stated by the witness, viz. $6624,44.
It is therefore obvious that the referees adopted, as a rule of damages, the difference between the principal and sub-contracts.
This rule of damages was fully considered in the important case of Masterton v. The Mayor, c. of Brooklyn, (7 Hill, 61,) and held not only to be entirely inadmissible, but that a subcontract could not be taken into consideration as an item of evidence in estimating the profits of the principal one. The reasons given by the learned chief justice for laying it entirely out of view, are full and satisfactory. (Ib. 72, 73.) My opinion, therefore, is that the report of the referees allowing the damages in question was erroneous, and should not have been confirmed by the superior court.
The inartificial manner in which the question is presented on the record, has greatly embarrassed me, but after a careful examination *Page 91 
of the objection and decisions, I am inclined to think that the court can notice and review it.
My conclusion is, that the judgment of the supreme court be affirmed, as thereby there will be a new trial in the superior court of the question of damages. A majority of the court concur with me in the opinion that the rule of damages adopted by the referees was erroneous, but they are of opinion that the judgment of the superior court could not be affirmed in part and reversed in part.
The judgment of this court, therefore, is, the judgments of the supreme court and superior court be reversed, and that a new trial be had in the superior court, with costs to abide the event.