SAMUEL C. BROWN, Appellant, *v.* CHARLES LEIGH, Respondent.

No judgment can be entered upon a remittitur of an order of this court reversing an interlocutory order of the Supreme Court, nor can the costs of the appeal be adjusted by the clerk.   The proceedings are interlocutory, and costs are to be adjusted and collected as other interlocutory costs are collected.

Upon motion to set aside a judgment for costs entered upon such a remittitur, the court may make a proper order for the recovery of the costs; but its refusal so to do does not affect a substantial right, and is not appealable.

Appeals to this court from orders are not within the exceptions of subdivision 5 of section 307 of the Code.   But where costs are given the successful party is entitled to full costs.   (Code, § 307, sub. 6.)

(Argued November 26, 1872; decided December 3, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term vacating a judgment for costs in favor of plaintiff entered upon remittitur from the Court of Appeals and setting aside the adjustment of costs by the clerk.

A motion was made by defendant at Special Term to set aside an amended complaint herein.   The motion was granted and the order was affirmed at General Term.   Upon appeal

to this court the order was reversed and motion denied with costs. Plaintiff obtained upon the remittitur an *ex parte* order that the judgment and order of the Court of Appeals be made the judgment of the Supreme Court, and that plaintiff have execution therefor; and upon such order plaintiff's costs were adjusted by the clerk and judgment entered therefor. The following are the items of costs allowed:

| | | |
|---|---:|---:|
| Before argument | $30 | 00 |
| For argument | 60 | 00 |
| For preparing and serving papers | 20 | 00 |
| Costs of motion to dismiss appeal | 10 | 00 |
| Printing papers on appeal | 23 | 50 |
| Fare and expenses to Court of Appeals, Albany, N.Y, | 10 | 00 |
| Clerk entering judgment | | 50 |
| Execution | | 69 |
| Clerk of Court of Appeals | 3 | 50 |

Defendant, thereupon, moved to set aside the judgment and the adjustment of costs, which motion was granted.

*E. J. Maxwell* for the appellant. In this court all appeals are on the same footing, and general costs follow whether the appeal be from an order or judgment. (*White* v. *Anthony*, 23 N. Y., 164; 5 Tiff. & Smith Pr., 130; *Taunton* v. *Grot*, 9 Abb., 453; *Hall* v. *Eramos*, 9 Abb. Pr., 453, note; 10 How., 117; *Borst* v. *Levy*, note to Calendar 1869, Court of Appeals.) The judgment was properly entered. (25 N. Y., 484; 9 Abb., 453; 2 Tiff. & Smith Pr., 130; 6 Robt., 497; 23 N. Y., 347; 1 Abb. Pr., 262; 17 id., 293, affirmed by Ct. App.; *Macgregor* v. *Buell*, 17 Abb., 31; 22 Barb., 86; 16 Abb., 413; 26 How., 170.) The items of disbursements were properly allowed by the clerk. (*Cuyler* v. *Coats*, 10 How., 141; *People* v. *Oaks*, 1 id., 195; *Lyon* v. *Wilks*, 1 Cow., 591; 28 How., 159; 11 Paige, 193; 2 Til. & Shearman, 679.)

*P. V. R. Stanton* for the respondent. The motion being interlocutory, plaintiff was not entitled to a general judgment for costs. (Code, § 245; *Sutherland* v. *Tyler*, 11 How. Pr., 251; *Belmont* v. *Penvert*, 3 Robt., 693; *Moza* v. *Sun Mut. Ins. Co.*, 22 How. Pr., 62.) The right to costs is purely statutory. (*Clark* v. *Dewey*, 5 J. R., 251; *Waterman* v. *Van Benscotten*, 13 id., 425; *The Supervisors* v. *Briggs*, 3 Den., 173; *Wickham* v. *Seeley*, 18 Wend., 649; *Montgomery County Bank* v. *Albany City Bank*, 3 Seld., 459; Code, § 303; *Borst* v. *Levy* [Ct. App., 1869]; *Ely* v. *Holton*, 15 N. Y., 600.) The clerk can only adjust costs in a final judgment. (Code, § 311; *Nellis* v. *De Forest*, 6 How. Pr., 413; *Dudley* v. *Mahew*, 3 N. Y., 9.)

ALLEN, J. The order from which the plaintiff has appealed does not affect a substantial right, and is not, therefore, appealable to this court. The defendant by his application only sought to be relieved from a judgment, which he claimed to be irregular, and an adjustment of costs, which he claimed to be unauthorized. In both positions he was right, and entitled to his motion. No judgment could be entered upon the remittitur of the order of this court reversing an order of the Supreme Court.

The proceedings were interlocutory, and did not authorize the entry of a final judgment. The Code defines a judgment, and prescribes the mode of its recovery, and the formula for its perfection. (Code, §§ 245, 274, *et seq.*) An entry of a judgment for costs upon an interlocutory order is nowhere authorized. So, too, the clerk is only authorized to adjust costs when they enter into a judgment. (Code, § 311.) In interlocutory and special proceedings, the costs are to be adjusted by the judge or court before whom the same may be heard, or in such manner as the judge or court may direct. (Id.) The court did not decide that the plaintiff was not entitled to the costs of his former appeal, and the order now appealed from did not affect his right to them. It only left him to apply for their adjustment and a proper order for their

payment, as he should be advised.   Doubtless the court might upon this application have adjusted the costs and made the proper order for their recovery, but it was not thought expedient, and no legal or substantial right of the plaintiff was violated by the omission.   The former order of the Supreme Court having been reversed, with costs, the plaintiff, then the appellant, was entitled to full costs of an appeal to this court. (Code, § 307.)   Appeals to this court from orders are not within the exceptions in sub. 5 of this section.   The plaintiff was entitled under the order of this court to the costs claimed, except costs on motion to dismiss appeal, $10, and expenses to Court of Appeals, Albany, $10, and entering of judgment and the execution, $1.19; and the court would undoubtedly, upon a proper application, have adjusted them in accordance with these views, and they would have been collectible as other interlocutory costs are collected.   But the order of the court, merely setting aside proceedings as irregular, did not affect a substantial right, and therefore the appeal must be dismissed, with costs.

The costs of the two appeals from orders will about balance each other, and the Supreme Court can, in its discretion, make the proper order for setting off one against the other, and for the payment of any difference to the party entitled.

The order now appealed from did not affect in any way the progress or result of the litigation between the parties, or bear at all upon the merits of the controversy, but in this respect it does not differ from the great majority of orders brought here by appeal.   Not one in ten of the appeals from orders to this court affect in any way the merits of litigations, and only add to the expense of legal controversies, and hinder and delay their final termination.   There appears to be a mania for taking the judgment of the court of last resort upon the

most trifling controversies and the most immaterial orders. It is right, therefore, that parties should pay the costs.

Appeal dismissed, with costs.

All concur.

Appeal dismissed.