The appeal cannot be sustained. Although a judgment was entered for costs against the plaintiffs, it was unauthorized and irregular, and the court below would have vacated it on motion. The judgment of the Special Term was reversed at General Term, and the motion for judgment denied. That was the effect of the order and decision, but no judgment was given against the plaintiffs. The reversal was with costs, but leave was given to the plaintiffs to demur, to answer (that is, to reply), or go to trial, as they might elect. The proceeding was interlocutory, the litigation was not terminated, and the costs could only be collected as other interlocutory costs are collected. A judgment cannot be perfected for costs of this character, and is only authorized at the final termination of the action as to some or all the parties. (Brown v. Leigh, MS. opinion by PECKHAM, J., Dec. 2, 1872.) *Page 250 
A judgment is defined to be "the final determination of the rights of the parties in the action." (Code, § 245.)
This entry, called a judgment, does not appear to be such a determination. The appeal, then, is simply from an order in effect refusing to give judgment for the reason assigned; not disposing of the merits of the answer, but leaving its sufficiency to be determined upon a demurrer, or its truth upon a trial of the issues, as the plaintiffs might elect.
The order does not affect a substantial right. Indeed, no right is involved. Whether the sufficiency of the answer shall be determined upon a non-enumerated motion, upon a notice of five days, or upon a formal demurrer, is a matter of practice, and addresses itself very much to the discretion of the court. It is for the court to adjudge, upon an inspection of the answer, whether its validity shall be determined at once upon the reading, or after a more formal and deliberate consideration, and in the ordinary and usual course of procedure. Had the plaintiffs demurred to the answer, and the Supreme Court, by order, sustained or overruled the demurrer, no appeal could have been taken to this court from the order. (People v. Benedict,47 N Y, 667.) The order appealed from does not, even in effect, pass upon the sufficiency of the answer, but merely denies the motion for judgment upon the single ground of frivolousness, giving the plaintiffs leave to take exception to it by answer or otherwise.
The order is not final upon any question. It does not affect a substantial right, for the law does not confer upon suitors an absolute right to a summary judgment upon a motion, and the plaintiffs' right of action is not affected by the order.
When the Code says that the party may apply for judgment by reason of the frivolousness of an answer, it does not give him the right to a determination as to the sufficiency of the answer upon that motion, but upon a demurrer; and in the usual course of procedure he may demand and have the judgment of the court upon the sufficiency of the defence sought to be interposed. *Page 251 
This complaint is defective, and the defendants upon this motion can have the benefit of that objection. (Van Alstyne v.Friday, 41 N.Y., 174.) The difficulty, however, is that the answer supplies the defects of the complaint, and, while the answer is clearly bad, it may be doubtful whether the plaintiffs, while asking for judgment because of the palpable badness of the answer, can avail themselves of any of the averments to cure the defects of their complaint. But, as the order is not appealable, this court cannot pass upon the merits of the pleading.
The appeal must be dismissed, with costs.
All concur.
Appeal dismissed.