THE PEOPLE ex rel. JACOB LORILLARD et al., Appellants, *v.* WILLIAM P. CLYDE, President, et al., Respondents.

Where an order of special term, quashing a return to a writ of alternative mandamus and directing a peremptory mandamus, is reversed by the General Term, with liberty to the relator to demur or to take issue upon the allegations of the return, the order of General Term is not appealable to this court; it is not a final order, nor does it affect a substantial right, and it is a matter of discretion.

(Argued April 24, 1877 ; decided May 22, 1877.)

Appeal from order of the General Term of the Supreme Court in the first judicial department reversing an order of Special Term, which quashed a return to a writ of alternative mandamus and directed that a peremptory mandamus issue, and denying the motion, with liberty to the relator to demur, or, in such form as he may be advised, to take issue with the return.

*Horace Barnard,* for the appellants.

*Samuel Hand,* for the respondents.

*Per Curiam:* The appeal in this case cannot be sustained. The order from which the appeal was taken reversed the order of the Special Term quashing the return, and directing that a peremptory mandamus issue, with liberty to the relator to demur or take issue upon the allegations of the return.    No judgment could be entered upon the order, and it stands in the same position as an order denying a motion for judgment upon a demurrer as frivolous, or denying a motion to strike out an answer.    No appeal lies from such an order.    It does not determine the action, and is not final because the relator has liberty either to demur, or to traverse the return.    Nor does it affect a substantial right, as there is no absolute right to the relief sought, and it was a question addressed to the discretion of the court whether it would grant the motion or leave the relator by demurrer or answer to take issue on the return.    As has repeatedly been held, this court will not review a decision of this character.    (*Dabney* v. *Greeley,* 12 Abb. Pr. N. S., 191; *Wilkin* v. *Raplee,* 52 N. Y., 248; *Coit* v. *Seward,* 50 N. Y., 17.)

The appeal must therefore be dismissed with costs.

All concur.

Appeal dismissed.