Allen, J.
We are of the opinion that the order of the *246 Special Term granting to the petitioner leave to prosecute the official bond, of Cornelius Farley, one of the marshals of the city of New York, ought to be reversed, for the reason that the court below was without jurisdiction to enter the judgment for appellate costs, which forms the basis of the application for the order, and that the judgment, being unauthorized by law, is a nullity. We have no doubt that the sureties on the bond would be liable for all costs that accrued in the action, which resulted from the official misconduct of the marshal, whether they were costs of trial or costs of appeal, so long as such costs were incorporated in or formed a valid judgment within the jurisdiction of the court.
The act of 1882 (L. 1882, p. 417, § 1701) provides that only a person who shall have first obtained a judgment against the marshal for official misconduct may move for leave to prosecute his official bond.
Of course, the judgment contemplated by this statute is a lawful and valid judgment.
From the papers before the court it appears that an action was commenced by the petitioner against the marshal to recover possession of personal property which had been taken from her by him while acting under an execution against one Ing. The action was tried, and resulted in a verdict for the plaintiff, and a judgment was entered for the return of the property and for $136.82 costs.
A motion to vacate this judgment for an alleged irregularity in the taxation of costs was made by the said marshal. The motion was denied, from which decision an appeal was taken to the General Term of the City Court, and from thence to the General Term of this court, in both of which courts the order appealed from was affirmed, with costs; and upon the remittitur going down a judgment was entered in the City Court infavor of the plaintiff, and against Farley, as marshal, for $76.96 costs.
The original judgment for $136.82 trial costs was paid and the property sued for restored to the petitioner. The application for leave to prosecute is founded upon the judg *247 ment of $76.96 for costs of appeal from the order above referred to. We do not think there is any authority in law for the entry upon the remittitur of this court affirming the order of the City Court of the judgment of $76.96 for the costs of the appeal. An entry of judgment for costs upon an interlocutory order or upon an order of the General Term affirming an order affecting a question of practice is nowhere authorized. A judgment cannot be perfected for costs of this character. The appeal here was in fact a continuation of the motion on appeal, and the costs of the successful party are motion costs within the meaning of section 779 of the Code of Civil Procedure, and are to be collected as other motion costs are collected (Phipps v. Carman, 26 Hun 518; Brown v. Lueigh, 50 N. Y. 427; Wilkin v. Raplee, 52 N. Y. 248). As this point was not raised upon the argument of tills motion in the court below, no costs of this appeal are allowed.
Order reversed.