## MOENCH v. YOUNG.

*(Common Pleas of New York City and County, General Term.　April 7, 1890.)*

**1. APPEAL—SUMMARY PROCEEDINGS—COURT OF COMMON PLEAS.**

Code Civil Proc. N. Y. § 3213, originally empowered the common pleas court to "reverse, modify, or affirm" judgments of the district courts, and section 2260 afterwards provided that appeals from final orders in summary proceedings might be taken to the same court, "in the same manner," and "with like effect," as appeals from the district courts. *Held*, that a subsequent amendment to section 3213, which gave the common pleas the additional power "to order a new trial" when it reversed a judgment of the district court, would also enlarge its power to the same extent on appeals from final orders in summary proceedings.

**2. SAME—REVERSAL—RESTITUTION.**

In cases of reversal on appeal from a final order in summary proceedings, the common pleas court is required, by Code Civil Proc. N. Y. § 2263, to order restitution to the defendant; but the power of restitution is merely collateral to the disposition of the appeal, and therefore does not exclude the construction by which the larger power to order a new trial is given.

Motion for reargument. For former report, see 8 N. Y. Supp. 532.

Argued before LARREMORE, C. J., and DALY, J.

*Wm. Henry Knox*, for appellant.　*C. H. Pryer*, for respondent.

DALY, J. The section of the Code relating to appeals from final orders in summary proceedings provides that "an appeal may be taken from a final order, made as prescribed in this title, to the same court, within the same time, and in the same manner, as where an appeal is taken from a judgment rendered in the court of which the judge or justice is the presiding officer, and with like effect." Code, § 2260. Turning to the section of the Code which regulates appeals from judgments rendered in the district courts, it is found that this court has power to reverse, affirm, or modify the judgment appealed from, and, where a judgment is reversed, to order a new trial. Code, § 3213. These sections, read together, seem to give us the power to order a new trial in the summary proceeding. Appeals in such proceedings are taken with the "like effect" as appeals from judgments. "With like effect" means "with like results;" and this includes any disposition in the one case which the appellate court could make in the other. In the case of *Clark* v. *Carroll*, 1 Civ. Proc. R. 298, note, I held that the provisions of the Code, that an appeal from the district courts should be taken "in the manner" prescribed for appeals from justices of the peace, authorized the same disposition of the

former appeal which could be made of the latter; that the "manner of taking" includes the manner of disposing, when there is no other provision as to how the appeal shall be heard and determined, or as to the award of costs thereon.  See sections 3213, 3060, 3067, as they existed in May, 1881, the date of the decision.

It is contended, however, by the appellant, that sections 2260 and 3213 should not be read together, for the reason that section 3213 was amended in 1883 by the addition of the clause giving power to order new trials; that prior to that date this court could only reverse, modify, or affirm the judgments of the district courts, and such effect, and no other, was intended by the legislature in enacting, in 1879, section 2260, assimilating the practice on appeals from final orders in summary proceedings to appeals from judgments.   This contention is, however, directly opposed to the well-settled rule of interpretation, that "all acts on the same subject, whenever passed, are what is termed '*in pari materia*,' are to be construed as if constituting one act, and are to be so interpreted that all of them and all their clauses may be operative."  1 Edm. St. at Large, c. 18.

It is also suggested that, as the Code (section 2263) provides for restitution in case of reversals in summary proceedings, that this excludes the power to make any other disposition if the order be reversed.   If this section contained an enactment respecting the powers of the appellate court over the appeal, we should probably be compelled to hold it to be exclusive, and to negative the claim of any power not expressly conferred; but the section evidently refers to the power of ordering restitution only,—a power which is merely collateral to the disposition of the appeal.   A new trial was ordered in this case, and that decision should not be disturbed.   As to the application for restitution, I think it should be denied, (under the circumstances of the case,) with leave to reverse in case the landlord fails to proceed with diligence in procuring the new trial to be had.   There should be no costs of this reargument, as the question is a new one.