NATIONAL BOARD OF MARINE UNDERWRITERS, Appellant, *v.* NATIONAL BANK OF THE REPUBLIC of New York, Respondent.

Plaintiff having recovered a judgment against defendant on the report of a referee for less than the damages demanded in the complaint appealed from so much thereof as awarded damages. Defendant appealed from the whole judgment. The General Term affirmed "the judgment from which plaintiff appeals," and reversed "the judgment from which the defendant appeals," and ordered a new trial, unless plaintiff stipulated to reduce the recovery as specified. Plaintiff failed to stipulate and judgment was entered in accordance with the order. *Held*, that the General Term had no authority to make the order; that if there was error in the judgment on the referee's report, this necessarily required the reversal of the entire judgment and a new trial as to the entire claim or a modification of the judgment.

*Nat. Bd. of Marine Underwriters* v. *Nat. Bank* (9 Misc. Rep. 688), reversed.

(Argued April 24, 1895; decided May 3, 1895.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 18, 1894, which affirmed on plaintiff's appeal a judgment in favor of plaintiff entered upon the report of a referee, and reversed said judgment on defendant's appeal and ordered a new trial unless plaintiff stipulate to reduce its recovery.

Appeal also from an order of said General Term, made October 16, 1894, which denied a motion to vacate said order and the judgment entered thereon.

The facts, so far as material, are stated in the opinion.

*George A. Black* for appellant. The defendant's contention that there was an account stated and that this is a good

defense is erroneous. (*Stenton* v. *Jerome*, 54 N. Y. 480;
*Lockwood* v. *Thorne*, 11 id. 170; *Quincey* v. *White*, 63 id.
377; *Welch* v. *G. A. Bank*, 73 id. 424; *Frank* v. *C. Bank*,
84 id. 213; *Schmidt* v. *Blood*, 9 Wend. 268; *Vanderbilt* v.
*R. T. Co.*, 2 N. Y. 479; *Shipman* v. *Bank*, 126 id. 331;
*Morgan* v. *Bank*, 11 id. 434.)   A bank called upon to pay a
check of a depositor to the order of a payee named, has a
double duty cast upon it. (*Weisser* v. *Dennison*, 10 N. Y.
77; *Frank* v. *C. Bank*, 84 id. 213.)   A depositor owes no
duty to a bank requiring him to examine his pass book or
returned checks with a view to the detection of forgeries in
the indorsements. (*Shipman* v. *Bank*, 126 N. Y. 328; *Bank
of B. N. A.* v. *M. N. Bank*, 91 id. 106; *Thomson* v.
*Bank of B. N. A.*, Id. 106.)   The finding of the referee
that there was no proof that the checks were drawn to the
order of specified persons was erroneous. (*Frank* v. *C. Bank*,
84 N. Y. 211; *Stimson* v. *Brown*, 68 id. 358; *U. S.* v. *Pugh*,
99 U. S. 265; *The E. J. Morrison*, 153 id. 199; *Goodsell* v.
*W. U. T. Co.*, 109 id. 149.)

*George S. Hastings* for respondent.   The court will pre-
sume that the judgment of the court below reversing the
judgment entered upon the report of the referee was upon a
question of law only, as, indeed, was the case. (Code Civ.
Pro. § 138.)   The judgment, therefore, cannot be reversed
upon any question of fact; nor will the court look beyond the
order of reversal. (*Tassell* v. *Wood*, 76 N. Y. 614; *Snebley*
v. *Connor*, 78 id. 218; *Sheldon* v. *Sheldon*, 51 id. 354;
*Reynolds* v. *Robinson*, 82 id. 106; *Crim* v. *Starkweather*,
136 id. 635.)   The plaintiff cannot recover as to any of the
questioned checks (exclusive of the Butler Stillman check),
for the reason that it has wholly failed to prove that the pay-
ments made by the defendant, and charged to the account of
the plaintiff, were in any respect irregular or unauthorized
payments. (*Cole* v. *G. F. Ins. Co.*, 99 N. Y. 42; *Wylde* v.
*N. R. R. Co.*, 53 id. 156; *Weisser* v. *Denison*, 10 id. 81;
*U. S.* v. *Hayward*, 2 Gallison, 499; *G. W. R. R. Co.* v.

*Bacon,* 30 Ill. 353 ; *S. M. Ins. Co.* v. *Kearney,* 16 Q. B. 295 ; *Rex* v. *Burdett,* 4 B. & A. 95 ; *King* v. *Turner,* S., M. & S. 206 ; *State* v. *Crowell,* 26 Maine, 171 ; *State* v. *Lipscombe,* 52 Mo. 32 ; *State* v. *Whitehed,* 21 Maine, 341.) The defendant should not be charged with the payment of the check for $1,192.03 made payable to the order of a fictitious person, namely Butler Stillman. (126 N. Y. 325 ; *Coggill* v. *A. E. Bank,* 1 id. 113 ; *Phillips* v. *M. N. Bank,* 140 id. 556 ; Daniels on Neg. Inst. § 140 ; *Pleto* v. *Johnson,* 3 Hill, 112 ; *N. Y. & H. R. R. Co.* v. *Schuyler,* 34 N. Y. 30.)

GRAY, J. The plaintiff recovered a judgment against the defendant, upon the report of a referee, which awarded to it less than the damages demanded in the complaint. It appealed from so much of that judgment as awarded the damages. The defendant also appealed from the whole judgment. The General Term made the following order : " That the judgment from which the plaintiff appeals be * * * affirmed with costs and it is further ordered that the judgment from which the defendant appeals be * * * in all respects reversed and a new trial ordered with costs to the defendant to abide the event unless the plaintiff shall file a stipulation * * * agreeing to reduce the recovery," etc. Judgment was entered upon that order in accordance with its terms; fixing the sum of plaintiff's costs and, because of the plaintiff's failure to stipulate to reduce its recovery, as suggested in the order, absolutely reversing the judgment upon the defendant's appeal and ordering a new trial, with costs to abide the event, etc. Subsequently, the plaintiff moved the court, at General Term to vacate its order and to enter " the proper order * * * in conformity with the decision," etc. The motion was denied. The plaintiff then appealed to this court from so much of the judgment entered, etc., as affirmed the judgment entered upon the report of the referee and, also, appealed from the order of the General Term denying the motion to vacate its order.

We think there was no authority for such an order by the

General Term, or for the judgment entered thereupon and that the plaintiff's motion to vacate them should have been granted. Their provisions are glaringly inconsistent. First, the judgment upon plaintiff's appeal is affirmed and then it is reversed in all respects; costs being given to each party by the judgment. The plaintiff's recovery of damages is affirmed; but it is also reversed. Such a practice cannot be approved, for it would lead to the utmost confusion and permit what has been condemned in this court; namely, that one portion of the cause could be sent back for a new trial and that the other portion might be brought here. (*Story* v. *N. Y. & H. R. R. Co.*, 6 N. Y. 85; *Goodsell* v. *W. U. Tel. Co.*, 109 id. 147.) If the judgment must be reversed for error, the error necessarily reverses the entire judgment and the new trial must be as to the entire claim. (*Wolstenholme* v. *Wolstenholme Co.*, 64 N. Y. 272.) The anomalous condition is presented where a judgment decisive of an action to recover damages is at once affirmed and reversed, without other distinctive elements in the order of the appellate court than those of separate appeals by the plaintiff and defendant. It is scarcely conceivable that such a decision can stand and the logical result, whether we regard the order or look at the reasons assigned in the opinion, is that a reversal of the judgment is effected. The separate appeals by the plaintiff and the defendant call for but one of the dispositions authorized by the Code to be made by the General Term and, as that court found error in the referee's conclusions, they should either have simply ordered the reversal of the judgment and a new trial of the issues; or do what was probably in mind (and what, because, in our judgment, the conclusion reached by the General Term was correct, would have been proper), modified the judgment to the extent mentioned in the opinion. Not having done so, the order of the General Term should be reversed and an order should be entered reversing the judgment entered upon the report of the referee absolutely and ordering a new trial before another referee, with costs to abide the event.

As to the plaintiff's appeal from the judgment, we think that, in view of the plaintiff's attitude towards the order of the General Term, it should not have been taken and must fail. It was open to the plaintiff to take a new trial of the cause upon the General Term order if it desired it; but, with an absolute reversal of the judgment and a new trial ordered, it could only come here upon appeal upon a stipulation for judgment absolute in case of affirmance. Our determination upon the plaintiff's appeal from the order of the General Term denying the motion to vacate its judgment, necessarily, leads to the dismissal of its appeal from the judgment. ·

The appeal from the judgment is, therefore, dismissed, but, under the circumstances, without costs to either party as against the other. The order of the General Term, which disposed of the appeals of the parties, is reversed and an order should be entered reversing the judgment, entered upon the report of the referee, and ordering a new trial, with costs to abide the event.

Costs as upon an appeal from an order are awarded to the appellant.

All concur.

Ordered accordingly.