(14 Misc. Rep. 185.)

### PRENTISS v. BOWDEN.

(Superior Court of New York City, General Term.   October 24, 1895.)

APPEAL—WAIVER OF RIGHT—ENTRY OF JUDGMENT.

Where the trial court, on the filing of the remittitur from the court of appeals in an equity cause, adjudged that the prevailing party was entitled to costs in the court of appeals only, the entry and satisfaction of judgment therefor is a waiver of such party's right to appeal on the ground that the judgment denied costs in the other courts.

Action by George Lewis Prentiss, guardian, against Ellen Bowden. An application by defendant for an award of costs and an allowance other than the costs awarded in the court of appeals was denied, and defendant appeals.    Plaintiff moves to dismiss the appeal. Granted.

Argued before FREEDMAN and McADAM, JJ

G. F. Bentley and W. R. Wilder, for motion.

B. Patterson, opposed.

McADAM, J.   Upon filing the remittitur from the court of appeals the question arose whether the defendant—the party finally successful—was entitled to costs in that or all the courts.   The special term judge decided that as the suit was in equity, and no costs had been awarded by the trial judge, the prevailing party was entitled to the costs of the court of final resort, and to those alone. The defendant acted upon the order, and entered judgment for such costs, aggregating $116.23, which were paid, and about the same time appealed from so much of the order as denied her the costs of the court below.   The plaintiff now moves to dismiss the appeal upon the ground that by the entry of the judgment, and its satisfaction, the defendant waived the right to appeal from the order directing the entry of the judgment.   The judgment to be entered on the remittitur was, in its nature, final,—one from which no appeal could be taken,—for it directed judgment absolute against the plaintiff on his stipulation; and the costs to which the defendant was entitled were those recoverable only upon such a judgment.   When the defendant entered that judgment, she concluded herself by it; her power to appeal from or enlarge it was gone; and its satisfaction discharged all obligations which could flow from it.   The appeal taken by defendant from the order as to the amount of costs to which she was entitled is inconsistent with the entry of such judgment; for, if part of the order which was appealed from were reversed, she could not enter another judgment for the costs which she claims were wrongfully disallowed.   Such costs would not be interlocutory, but those which follow a final judgment, go into the judgment, and

form an indivisible portion of it. An order granting an extra allowance must therefore be made before judgment, "for the costs enter into and form part thereof." Clarke v. City of Rochester, 34 N. Y., at page 356. A judgment is "the final determination of the rights of parties in the action." Code, § 1200. And see Patten v. Still, 50 N. Y. 591; In re Brasier, 2 How. Prac. (N. S.) 154; Wilkin v. Raplee, 52 N. Y. 248; Smith v. Dittenhoefer, 1 City Ct. R. 143. There can be but one judgment in the action (Canfield v. Gaylord, 12 Wend. 236; Johnson v. Farrell, 10 Abb. Prac. 384; National Board of Underwriters v. National Bank of the Republic of New York, 146 N. Y. 64, 40 N. E. 500), and that the one authorized by the remittitur (Macgregor v. Buell, 17 Abb. Prac. 31). In some cases the judgment contains several provisions. Here there was but one. The defendant had the undoubted right to appeal from any part of the order; but, if she expected to obtain thereby a more favorable allowance of costs, she should have refrained from entering judgment until the question of costs had been finally determined, to the end that all to which she was entitled might form part of it, once for all time. She could not enter more than one judgment on the remittitur. There is no accommodating practice which permits the entry of such judgments on the installment plan. There was but one subject before the court below, and that was the amount of costs to which the defendant was entitled under the remittitur. It was not a question involving independent causes of action, or disconnected rights. There could be but one bill of costs taxed under the remittitur, and the fact that items were claimed in the several courts, or on different appeals, did not divide the matter into so many distinct controversies, involving the right to as many independent appeals. On the contrary, the relief sought by the appeal is predicated upon, and indissolubly connected with, that which had been already awarded and enforced. Bennett v. Van Syckel, 18 N. Y. 481; Genet v. Davenport, 59 N. Y. 648. In short, the acts of the defendant were not the assertion of concurrent rights, but were so inconsistent that the election to assert the one amounts in law to a renunciation and waiver of the other. See Baylies, New Trials, 18, 19. The cases relied on by the defendant relate to independent causes of action or grounds for relief, and are inapplicable. It follows that the plaintiff's motion must be granted, and the appeal dismissed, with costs.