(21 Misc. Rep. 692.)

### SZERLIP v. BAIER.

(Supreme Court, Appellate Term. November 24, 1897.)

APPEAL FROM JUSTICE—REVERSAL—ENTRY OF JUDGMENT.

The statute (Consol. Act, § 1367, amended by Laws 1896, c. 748) providing that from an order of a justice opening a default and setting aside the judgment thereon "an appeal shall lie as from a judgment," applies not only to the return of the justice, and the subsequent proceedings thereon, but to all the incidents of the appeal, including costs; and an order of the appellate term, reversing such an order of a justice, is not required to be remitted to the court below, but (no new trial having been ordered) remains in the supreme court, and is there enforced by that court as it enforces final judgments.

Motion by defendant to set aside taxation of costs, and judgment in favor of plaintiff on such taxation denied. For former opinion, see 47 N. Y. Supp. 133.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Berrick, for the motion.

A. B. Schleimer, opposed.

PER CURIAM. The plaintiff recovered judgment by default against the defendant in the Fifth district court, October 13, 1896. The defendant moved to set the judgment aside on the ground that

he had not been served with process, and the justice, on April 1, 1897, granted the motion, with costs. The plaintiff thereupon appealed from the order to the appellate term, which, on October 4, 1897, reversed the court below (47 N. Y. Supp. 133), with costs to the plaintiff (appellant). Thereafter the plaintiff served a bill of costs, which were taxed upon notice under the defendant's objection, and judgment was entered in favor of plaintiff for the amount thereof. The present motion by the defendant is to set aside the taxation and judgment upon the grounds: (1) That such taxation by the clerk was unauthorized; (2) that the judgment entered thereon was unauthorized; and (3) that such costs should have been adjusted by the appellate term, and then only as motion costs, to the end that they might be collected as such. We have been referred to Brown v. Leigh, 50 N. Y. 427; Wilkin v. Raplee, 52 N. Y. 248; Quin v. Waiter, 18 Civ. Proc. R. 122, 9 N. Y. Supp. 437; and In re Brasier, 13 Daly, 245,—which hold that in interlocutory and special proceedings the costs are to be adjusted by the judge or court before whom the same may be heard, or in such manner as the judge or court may direct, and that the entry of a judgment for costs upon an interlocutory order is unauthorized.

The direction made by the appellate term on which the clerk taxed costs and entered judgment was not of an interlocutory nature, but final in its character, and the proceedings had warrant in the law especially applicable. The appeal was taken under section 1367 of the consolidation act, which, as amended by chapter 748 of the Laws of 1896, provides that from such an order as the one in question "an appeal shall lie as from a judgment." This section applies not only to the return of the justice and the subsequent proceedings thereon, but to all the incidents of the appeal, including costs. Colwell v. Devlin, 20 Misc. Rep. 616, 46 N. Y. Supp. 450; Clark v. Carroll, 1 Civ. Proc. R. 298, note; Moench v. Yung, 16 Daly, 143, 9 N. Y. Supp. 637. Where an appeal was taken to one of the former general terms from an order made at special term, it was regarded as in the category of motions, because a continuation of the motion in the same court on appeal. Phipps v. Carman, 26 Hun, 518. In Brown v. Leigh, Wilkin v. Raplee, Quin v. Waiter, and In re Brasier, supra, the remittitur from the appellate court, on appeal heard there as from an order, was sent to the court below to be enforced according to law, and it was held that there was no statute permitting the entry of judgment thereon by the lower court. In this instance, however, the statute directs that the appeal from the order of the district court justice shall lie as from a judgment. This carries with it the same power on the part of the appellate court to affirm, reverse, or modify as upon an appeal from a judgment, including the authority to enforce such order when final in its character as it would a judgment of like nature. It is true that the statute does not enumerate such powers in express terms, but they are necessary concomitants; for, where a power is given by statute, everything necessary to make it effectual or requisite to attain its end is implied. People v. Chapin, 105 N. Y., at page 316, 11 N. E. 510. The order which the appellate term made in the case

before us was not required to be remitted to the court below, but remains in the supreme court, where it is enforced by that court as it enforces final judgments (no new trial having been ordered), for the order is the termination of a new proceeding brought and finally disposed of in that court by legislative direction. This case, therefore, differs essentially from those relied on by the defendant. It will not do to treat the appeal as one from a judgment till it comes to making the result available, and then to consider it as something entirely different. Consistency is, in this respect, necessary.

For these reasons the motion must be denied, with $10 costs, to be enforced, according to prescribed practice, as motion costs, because awarded by the same court in which the judgment moved against is entered.

