### BRODIE v. FOST.

(Supreme Court, Appellate Division, Second Department.   January 24, 1908.)

DAMAGES—MEASURE—BREACH OF CONTRACT—LOSS OF PROFITS.

In an action to recover for preventing plaintiff from performing his contract, plaintiff cannot prove, as his measure of damages, the amount of the subcontracts let by him on the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 74–78.]

Appeal from Municipal Court, Borough of Queens, First District.

Action by William Brodie against Herman Fost. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

G. A. Gregg, for appellant.

Earl A. Bowman, for respondent.

WOODWARD, J.   The plaintiff has recovered a judgment against the defendant for breach of contract whereby the former was to do certain work on the latter's premises for the sum of $1,128; the complaint alleging that after the plaintiff had begun the work the defend--

ant gave it to another person and refused to let the plaintiff proceed with it.    It appears from the evidence that the plaintiff had arranged to have the work done by subcontractors, and over the objection and exception of the defendant he was allowed to prove the amount of those subcontracts.    This was error, for which the judgment must be reversed.    Profits as shown by subcontracts do not constitute the proper measure of damages in an action to recover damages for preventing the plaintiff from performing his contract with the defendant.    Story v. New York & Harlem R. R. Co., 6 N. Y. 85.    There can be no doubt that this improper measure of damages was adopted, for the justice refused to allow the defendant to prove the reasonable value of the work.

The judgment should be reversed, and a new trial ordered; costs to abide the event.    All concur.