Farrell *v.* Calkins.

CHENANGO GENERAL TERM, January, 1851. *Mason, Shankland, and Monson,* Justices.

FARRELL *vs.* CALKINS and others.

In an action of tort against several defendants, where the summons was served *personally* on only one of them, and upon the others, by copy; and only the one personally served appeared before the justice, who rendered judgment against all the defendants; *Held,* that the justice erred in proceeding to judgment against those not personally served.

And the county court having affirmed the justice's judgment, as to the defendant who was *personally* served with the summons, and *dismissed the appeal* as against the other defendants; the supreme court reversed both judgments, with costs.

The rule is well settled in such cases, that an entire judgment against several defendants, whether in an action of tort, or upon contract, can not be reversed as to one defendant, and affirmed as to others.

*It seems,* that the code of procedure has not changed this rule.

THIS was an appeal from the Chenango county court. The action was commenced in a justice's court, by summons issued against all three of the defendants, and personally served on the defendant Mervin Calkins, and by copy upon the defendants Mortimer Calkins and William Sprague. Mervin Calkins appeared at the joining of issue; the other defendants did not appear. The plaintiff's complaint was not entitled, and was in these words: "The plaintiff complains against the defendants, to wit: for breaking open the plaintiff s barn, taking therefrom a bay mare, and using the same in a rough and abusive manner, and so injuring the said mare, that she slunk foal the next night; for which the plaintiff claims damage of $25,00, which trans pired in the town of Sherburne, Chenango county, in the month of November or December, 1847, for which the plaintiff complains, in an action of trespass." Mervin Calkins put in an answer to the complaint, denying the same, and setting up various defenses. The answer was not entitled. The cause was adjourned, on motion of the defendant. On the adjourned day, the defendant Mervin Calkins appeared, and applied for a further adjournment. The other defendants did not appear. The application for a further adjournment was denied. The cause was then tried; and the return of the justice stated the evidence as follows:

*John D. Farrell* testified, that he knew of the defendant's taking a mare out of the plaintiff's barn; heard them say they had caused her to slink foal; heard Mervin Calkins say that he had no leave to take said mare; said he drawed manure from the barn, with the said mare; it might have been straw; they drew the straw from Mortimer Calkins' barn; it was a steep hill to come up from the barn; it was a hard place to come out; Mervin Calkins said it was slippery, and she could not draw; and she slipped down, and they whipped her; she slipped down several times; she was smooth shod; saw the mare the next

Farrell *v.* Calkins.

day after she had foaled; it was two years ago last fall or win-
ter; there was a little snow, and it was slippery. The mare had
not been used that fall, and was kept on purpose to raise colts.
Defendants used the mare so that she was unfit for business
through the winter. The witness thought the damage not less
than $25. The same facts substantially were proved by an-
other witness. At the close of the testimony, as the return of
the justice stated, "*December* 20*th, judgment rendered for
$25 damages, and $4,10 costs.*" All three of the defendants
joined in an appeal to the county court. The county court
affirmed the judgment of the justice, as to the defendant Mervin
Calkins, with costs, and recited in the judgment itself, "*And it ·
further appearing to the court, that the judgment in the cause
was not against the appellants Mortimer Calkins and Wil-
liam Sprague, in the justice's court; it is further ordered,
that this appeal be dismissed as against the said Mortimer
Calkins and William Sprague.*"

*Nye & Whittemore,* for the appellants. I. The county court
erred in deciding that the judgment was not against Mortimer
Calkins and William Sprague, and in not reversing the judg-
ment on that ground. The summons was against all, and served
on all, on two by copy, and one personally. The complaint is
against all, the evidence against all, and judgment generally.

The judgment is given under the title of the cause as required
by statute, 2 *R. S.* 196, § 244, 2*d ed.* The complaint is put in
against all after a failure of two to appear. (5 *Hill,* 441.
3 *J. J. Marsh.* 432. 4 *Munf.* 425.) The judgment against
the two not served, although void, must be reversed, and it is no
evidence that it is not rendered against all, because by being so
rendered it would be void against two; otherwise a void judg-
ment could never be reversed.

*A. N. Sheldon,* for the respondent. The judgment in this case
is formal and right. The constable returned the summons per-
sonally served on Mervin Calkins, and by copy on Mortimer
Calkins and William Sprague. The defendant's counsel ap-

peared and answered for Mervin Calkins, and did not appear for Mortimer Calkins and William Sprague. No one answered but Mervin Calkins, on account of summons not being personally served. Issue was joined between Mervin Calkins and the plaintiff. The trial of this issue was adjourned. On the adjourned day, Mervin Calkins appeared and answered, the others did not appear; a trial ensued, and resulted in a judgment of $25, upon the issue tried, and not against those who were not served with process, and who never appeared. The judgment clearly appears to be against Mervin Calkins only, and thus it should be. (1 *Cowen's Tr. 3d ed. p.* 549, 550. *Rose* v. *Oliver,* 2 *John.* 365. *Richards and Phinney* v. *Walter,* 12 *Id.* 434. 1 *Chit. Pl.* 85. *Munford et el.* v. *Fitzhugh,* 18 *John.* 457. *Hartness* v. *Thompson,* 5 *Id.* 160. *Livingston* v. *Bishop,* 1 *Id.* 290. *Judson* v. *Gibbons,* 5 *Wend.* 224. 2 *Supplement U. S. Digest, p.* 226, § 203, *p.* 240, § 516. 2 *U. S. Digest, p.* 630, § 110.) The law construes this to be a judgment against Mervin Calkins only. (2 *Supplement U. S. Digest, p.* 225, §§ 176, 177, 178, 179, 180, 181, 191, 204. 2 *U. S. Digest, p.* 640, § 55. *Id. p.* 650, § 62. 21 *Wend.* 47, 48, *Cowen's opinion.* 1 *Cowen* 177. 1 *Pick.* 281.)

The judgment is formal. (2 *Cowen's Tr. 3d ed.* 494, 495. 6 *Wend.* 213. 9 *Cowen,* 233.) But if it is informal, as the intention is plain, the court will ascribe to it the proper form. (2 *Cowen's Tr. 3d ed.* 483. 2 *John.* 181. 10 *Wend.* 520.)

By the appeal from the justice, the county court became possessed of the cause, with full power to correct the judgment. (*Code,* § 466.) This was done, and the judgment entered by the county court is right. This section reads, that "In giving judgment, the county court may affirm or reverse the judgment of the court below, *in whole or in part, and as to any or all of the parties,* and for errors of law or fact." The county court, under this section, possess the power *to reverse in part, and affirm in part.* The word "parties," means all the defendants, or all the plaintiffs. The words " *any or all the parties,*" have a significant history. See the amendment made to section 278, by the legislature in 1849. (*Code of* 1849.) See, also, section

12, *of Code of* 1848, amended in 1849, in same manner ; *Code of* 1849, § 12.   See, also, how the commissioners reported section 317, in 1848 ; the legislature of 1848 amended it, and in 1849 it was amended again.   Each of these sections define the powers of *appellate courts.*   II. But if this judgment is technically wrong in this particular, it is no ground of error upon appeal.   The court will order an amendment, and let the judgment stand.   (2 *R. S.* 242, §§ 4, 8.   5 *Burr.* 2730.   1 *Doug.* 115. 1 *Cowen,* 189.   18 *John.* 502.   7 *Wend.* 408.   4 *Id.* 623. 3 *Denio,* 353.   7 *Hill,* 292.   1 *Barb. Sup. C. Rep.* 48, *and cases cited in opinion.*)   And the precise question has been adjudged in *Alexander* v. *Hoyt,* (7 *Wend.* 89 ;)   *Jameison* v. *Pomeroy,* (9 *Penn. Rep.* 230 ;) *and in Commonwealth* v. *Dudley,* (13 *Mass. Rep.* 432.)   *Code,* § 176.   III. Again : the county court did, in fact, determine and adjudge the judgment not to be joint, as is evident from the *recital in the judgment itself ;* but, if not, then the county court did not give *any judgment,* but simply dismissed the appeal, as to these two defendants.   There was, then, no judgment as to them, from which they could appeal.   They could only proceed by mandamus to compel the county court to proceed to judgment.   And this court leans towards the affirmance of the judgment, and where the justice has jurisdiction, the subsequent proceedings are presumed to be regular, until the contrary appears.   (21 *Wend.* 305. 15 *Id.* 490.   18 *Id.* 141.)   And as the return does not show affirmatively that the judgment was against all the defendants, the appellants should have procured an amended return.  (3 *Hill,* 75.   12 *John.* 299.)

The 2 *R. S.* 195, § 243, directs that the justice shall keep a docket, to *contain " the judgment rendered* by him, and the time of rendering the same."   In this case, the justice simply returns, that he rendered a judgment, *not what the form of it is.*

*By the Court,* MASON, P. J.   It seems to me, that there can not be any doubt in this case, from the return of the justice herein, that the justice did render a judgment against all of the defendants.   The summons was against all three of them ; and

it was personally served on the defendant Mervin Calkins, and by copy on the defendants Mortimer Calkins and William Sprague. The defendant Mervin Calkins, alone appeared, and the plaintiff declared against all of the defendants; and the defendant Mervin Calkins, alone put in his answer; and the cause was adjourned by consent of parties; and on the adjourned day, a further adjournment was sought in behalf of Mervin Calkins, who was sick at the time and unable to come to court, but which was refused; and I conclude that the witnesses were sworn against all of the defendants, and that the proof was given against all; for it appears that the judgment was rendered against all. This seems to me quite apparent from the face of the return itself. The suit is entitled against all the defendants. The complaint is against all, and the return shows that the judgment was rendered in the suit for $25 damages, and $4,10 costs, without any intimation that it was rendered against one defendant alone; and as the defendants are all included in the suit, and in the complaint, and without any intimation that any of the defendants are left out of the proceedings at any stage, it seems to me, that there can not be a doubt, that this return shows a judgment against all. And as this was an action of *tort*, the justice erred in proceeding to judgment against those not personally served, and the county court should have reversed the judgment of the justice as against all of the defendants. It is not a cause where the county court could sever the judgment. (*Richards* v. *Walton*, 12 *John*. 434. *Arnold and others* v. *Sandford*, 14 *Id*. 417. *Holbrook* v. *Murray*, 5 *Wend*. 161. *Van Deusen* v. *Brower*, 6 *Cowen*, 50. *Sheldon* v. *Quinlen*, 5 *Hill*, 441.) The rule is well settled in these cases, that an entire judgment against several defendants, whether rendered in an action of tort, or upon contract, can not be reversed as to one defendant, and affirmed as to others. If I am right in the construction which I have put upon this return of the justice, then it follows, that the justice erred in rendering this judgment, and that the county court should have reversed his judgment. The judgment of the county court, and

that of the justice, must be reversed; and I see no reason, why the appellants should not have their costs on this appeal.

Judgment accordingly.(*a*)

(*a*) A motion for re-argument was made in this case, on the ground that the code had changed the rule laid down by the court in their opinion in this case; that an entire judgment against several defendants, could not be reversed as to one defendant, and affirmed as to others; but the motion for re-argument was denied, the court adhering to the opinion as above expressed.

---

·SAME TERM.    *Before the same Justices.*