IN THE MATTER OF THE APPLICATION OF MARGUERITE BECKER, TO SET ASIDE THE PROBATE OF THE LAST WILL OF HENRY SITTIG, DECEASED.

*Surrogate — jurisdiction of, over infants — the failure to appoint a guardian for them renders the judgment voidable, but not void—within what time an infant must apply to have the judgment vacated — Code of Civil Procedure, secs. 2647, 2648, 2481, sub. 6.*

Upon an application for the admission of a will to probate, the surrogate acquires jurisdiction over the person of an infant by the service of a citation upon him, as prescribed by chapter 362 of 1863, and the omission to appoint a guardian for him, as required by the statute, though an error, will render the judgment voidable only, but not void.

A petition for the revocation of the probate of a will, made under section 2647 of the Code of Civil Procedure, by one who was an infant at the time the will was admitted to probate, and for whom no guardian was then appointed, must be made within one year from the time the petitioner attains his majority.

Although there is no fixed and invariable rule requiring an application (under subdivision 6 of section 2481 of the Code of Civil Procedure, which is entirely independent of section 2647 above mentioned) to have the probate of a will revoked, made by one who was an infant when the will was proved and for whom no guardian was appointed, to be made within two years after the disability of infancy has been removed, yet it is the general and customary practice to deny the application, unless made within that time.

As the limitation of one year has been fixed by the Code as the time within which an application to revoke the probate of a will should be made by petition, strong and controlling reasons should be presented to the court for extending the time for granting the relief, when the application is made in a less formal manner and founded upon affidavits.

The will of the petitioner's father was admitted to probate on August 25, 1873. The citation to attend the probate was served upon the petitioner personally; she being then an infant of the age of twenty years. She had no general guardian, and no special guardian was appointed for her upon the hearing she being described as being of full age. In January, 1882, she applied to have the probate revoked upon the ground that the decree was not binding upon her; that the will was not properly executed and that its execution was procured by undue influence. Immediately after arriving at full age, the petitioner brought an action against the executors and prosecuted it to final judgment, thereby showing that she knew that the will had been admitted to probate.

*Held,* that the application was properly denied on account of the laches of the petitioner.

APPEAL from an order made in the Surrogate's Court, for the city and county of New York, denying the application of the petitioner, Marguerite Becker, to revoke the probate of the will of Henry Sittig, her father, who died in the city of New York on the 10th of August, 1873. A paper purporting to be his last will and testament was admitted to probate on the 25th of August, 1873.

The petitioner was one of the children of the testator, and at the time the will was admitted to probate was a minor, being of the age of twenty years. Citations to the heirs-at-law and next of kin were duly issued and served upon the petitioner. She had no general guardian, and no special guardian was appointed for her upon the hearing — in the proceedings she was described as being of full age. The petitioner now seeks to have the probate of the will revoked and set aside upon the ground that the decree was not binding upon

her, and that the testator was unduly influenced and coerced to make the will, and that the same was not made and published by him as his last will and testament, according to law. These proceedings to annul the probate of the will were initiated in January, 1882, by the filing of the petition in the surrogate's office.

*Thomas Stevenson*, for the appellant Marguerite Becker.

*John C. Clegg*, for the executors.

*William Settle*, for Henry Sittig and others.

BARKER, J. :

The proceedings had before the Surrogate's Court, on admitting the will to probate, were not *coram non judice*, and therefore void as against the petitioner. The court had jurisdiction of the subject-matter, and process was duly served upon the petitioner. The omission to appoint a guardian *ad litem* for the petitioner, who was then an infant, was an error which rendered the decree voidable, and the same might have been set aside if timely application had been made for that purpose.

The proceedings were not void, but only voidable at the election of the infant, which she was called upon to make on arriving at full age, and within the time limited by the rules of the court in which the proceedings were pending.

It has never been held that entering a judgment against an infant, who has been served with process, and has not appeared in the suit, or who, after the service of process, did appear in person or by an attorney of his own appointment, is void.

On an application to probate a will in a Surrogate's Court, the statutory mode of securing jurisdiction over the person is the issuing and service of a citation. If the person sought to be bound and brought before the court is a minor over the age of fourteen years, the service may be made on him personally. To make such service full and complete, it is not essential that the service should be made upon any other person, nor that a guardian be appointed before such service.

By the provisions of section 6 of the act of 1837, chapter 460, it was made the duty of the surrogate, before issuing citations, to ascertain who of the persons interested in the estate of the testator

were minors, and if such person had no general guardian within the State, it was made the duty of the surrogate, by an order to be made and entered, to appoint a special guardian for such minor, to take care of his interest in the premises, and to procure the written consent of such person to act as guardian, and to file the same with the surrogate. After such appointment, he was directed to issue a citation, as required by section 7 of the same act, which was to be served upon all the persons to whom it was directed, including the guardians appointed for the infant parties.

By chapter 362 of the Laws of 1863, section 6 of the act of 1837 is repealed, and section 8 is amended; and provides that, if the citation is directed to a minor under the age of fourteen years, within this State, it shall be served on him personally, and also on his father, mother or guardian, if there be any such person living within this State, and if there be no such person, then on the person having the care and control of such minor.

If the minor is above the age of fourteen years, it is good and sufficient service if the same is served on him personally.

It is provided by the act of 1863 (sec. 1), that upon the return day of the citation, or before taking any proceedings upon the will, the surrogate shall ascertain whether any, and which, of the persons mentioned in section 5 of said chapter are minors, and the names and places of residence of their general guardians, if they have any; and if there shall be no general guardian within this State, who shall have been served with said citation, the surrogate shall, by an order to be entered, appoint a special guardian for such minors, to take care of their interest in the premises; and the written consent of every person so appointed special guardian, to serve as such, shall be filed with the surrogate; and such special guardian shall appear in person before said surrogate before any evidence is taken in regard to the will.

Infants are deemed to be wards of the court, and when brought in by the service of process it is the duty of the court to look after and protect their interests.

It is true as a general proposition and applicable to all courts that the court must acquire jurisdiction before the parties can be bound by its judgments. There is no invariable rule defining what legal proceedings constitute due process of law, conferring jurisdiction upon

a court to deal with and bind the property or interests of infants. Notice in some form, actual or constructive, is essential. But the legislature may prescribe how such services may be made upon an infant, and that it may be by serving the process of the court on the infant personally, or by giving notice to the parent or guardian or other person representing the infant; and proceedings had in conformity with the statute in such cases will be valid and the infant will be bound.

In this instance personal service was made upon the infant when of the age of twenty years, and in strict conformity with the provisions of the statute in regard to the service of process issued by Surrogates' Courts, and as to the mode and manner of such service upon those who are infants; thereby the Surrogates' Court gained jurisdiction over the person of the infant. The omission to appoint a guardian as required by the statute was an error which rendered the judgment voidable but not void. (*McMurray* v. *McMurray*, 66 N. Y., 177; *Croghan* v. *Livingston*, 17 id., 218; *Bloom* v. *Burdick*, 1 Hill, 143; *Ingersoll* v. *Mangam*, 84 N. Y., 622.)

As the omission to appoint a guardian constitutes an error only, and the judgment must remain in full force and effect until vacated and set aside, we are now to inquire whether the application made by the petitioner is within the time limited by the statutes applicable to the subject and the course of procedure adopted by the court in such cases.

By section 2652 of the Code of Civil Procedure power is conferred upon the surrogate to revoke the probate of a will for the causes set forth in the petitioner's application.

The course of procedure and the time within which the application shall be made are prescribed by sections 2647 and 2648. By the latter section the application must be made within one year after the probate of the will, unless the applicant is laboring under a disability as provided in section 396, of which infancy is one; then the time during which such disability continues is not part of the year in which application must be made.

If the infant appeared by general or special guardian or otherwise on said probate then the disability does not apply to an infant. (See section 2648, as amended 1881.) More than one year has elapsed since the removal of the disability arising out of the peti-

tioner's infancy, therefore her application does not come within the provisions of this section, and she is not entitled to any relief under the same.

In section 2481, subdivision 6, power is also conferred upon the surrogate to open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court, or to grant a new trial, or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. This power is broad enough to give the surrogate jurisdiction to revoke the probate of a will for any of the reasons mentioned, and is not controlled in the least by the proceedings authorized by sections 2647 and 2648, for it is therein expressly provided that the provisions of those sections and proceedings thereunder, shall no wise affect an application made in pursuance of the sixth subdivision of this section. The powers conferred by subdivision 6 of section 2481, "must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers," and "upon an appeal from the determination of the surrogate, made upon an application pursuant to this subdivision, the General Term of the Supreme Court has the same power as the surrogate; and his determination must be reviewed as if an original application was made to that term." There is thus conferred upon this court the power to consider the petitioner's application, as if the same was originally addressed to this court.

In reaching a conclusion whether the petitioner's application is timely, we must apply the same rule of practice which is followed and observed by this court, in similar applications made in actions originally brought and prosecuted in this court. Under the common law practice, the customary proceeding to correct errors of this character was by a writ of error, wherein the error alleged was set forth as an error of fact, and to reverse the judgment. This writ is now abolished, and the only way to correct the error is by motion, made in the court where the action or proceeding is pending. The time within which the writ of error could be sued out, when that was the remedy, was within two years after the infant arrived at full age. There is no fixed and invariable rule requiring applications of this nature to be made within two years after the disability of infancy has been removed. But it is the general and customary

practice to deny applications of this character, unless made within that time.

As the limitation of one year has been fixed by the statute within which application to revoke the probate of a will should be made by petition, strong and controlling reasons should be presented to the court for extending the time for granting relief when the application is made in a less formal manner, and founded upon affidavits.

The rights of suitors require that some reasonable limit of time should be fixed within which motions to vacate judgments should be made. The law presumes that persons of full age are aware of the law of the land, and that their acquiescence in proceedings had in the courts, affecting their interest, is based upon their approval of what has been done.

In this instance the petitioner was advised, upon arriving at full age, of the proceedings had in the Surrogate's Court, admitting her father's will to probate. The circumstance that she brought an action, immediately upon arriving at full age, against the executors, and prosecuted the same to final judgment, is a conclusive circumstance that she was aware of what had been done in the Surrogate's Court, at least six years before she filed her petition to have the probate of the will revoked. This long acquiescence on her part in those proceedings, not moving to secure relief from the effect which they had upon her interests, bars her of the right to have the same disturbed.

The time within which applications of this character should be made and the mode and manner in which they should be conducted are fully considered in the case of *McMurray* v. *McMurray* (41 How., 41), and we concur in what is there said as to the time within which motions of this character should be made. (See, also, *McMurray* v. *McMurray*, 66 N. Y., 177; *Arnold* v. *Sandford*, 14 Johns., 417.)

The order of the surrogate is affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Order affirmed, with costs.