Isaac Altman et al., as Administrators of the Estate of Jacob Altman, Deceased, Appellants, *v.* Eli Hofeller, Impleaded, etc., Respondent.

1. ADMINISTRATORS — CONCLUSIVENESS OF SETTLEMENT OF ACCOUNT. The effect given by statute (Code Civ. Pro. § 2742) to the judicial settlement of administrators' accounts cannot be changed by a special order of an appellate court while the settlement remains unreversed.

2. SURETIES OF ADMINISTRATORS AND GUARDIANS. The judicial settlement of an administrator's account is conclusive upon the sureties on his bond; and the same principle applies to the sureties on a guardian's bond when there has been an accounting by him.

3. APPEAL — AFFIRMANCE AS TO SOME PARTIES, REVERSAL AS TO OTHERS. Upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to the recovery and as to all the parties; but in cases where there are separate and distinct judgments, or where an error exists as to a separate claim or defense, which relates only to a transaction between the plaintiff and one of the defendants, the judgment may be reversed as to such a claim or defense, and only as to the parties interested therein, and affirmed as to the remainder.

4. UNWARRANTED PARTIAL REVERSAL AND VIOLATION OF CONCLUSIVENESS OF SETTLEMENT OF ADMINISTRATOR'S ACCOUNT. On appeal from a judgment settling the accounts of administrators and of a general guardian, in an action brought by a surety on the administrators' bond to be relieved from liability, the General Term is not authorized to affirm the judgment as to the accounting defendants and at the same time reverse it as to another defendant interested in the accounting, and order that the settlement of the administrators' account shall be of no force as against such defendant in the further proceedings in the action.

*Altman* v. *Hofeller*, 83 Hun, 426, reversed.

(Argued March 18, 1897; decided April 20, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the fifth judicial department, entered December 29, 1894, which reversed a judgment in favor of plaintiff entered upon the report of a referee, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norris Morey* for appellants. This action was properly brought to set aside a fraudulent and collusive accounting by

one of the administrators, and to obtain a just judicial settlement of the accounts of the administrators, for the purpose of ascertaining what had been done with and who had the estate of Sigmund Hofeller, and whether the plaintiffs, as representing a deceased surety of the administrators, remained liable for any portion of such estate. (*Hood* v. *Hood*, 85 N. Y. 561; *Haight* v. *Brisbin*, 100 N. Y. 219; *Douglass* v. *Ferris*, 138 N. Y. 201; Code Civ. Pro. §§ 2607, 2728, 2742, 2743; *In re Underhill*, 117 N. Y. 474–477; *Scofield* v. *Churchill*, 72 N. Y. 565, 570; *Gerould* v. *Wilson*, 81 N. Y. 573; *Deobold* v. *Oppermann*, 111 N. Y. 536, 537.) The judgment settling the accounts of the administratrix, and exonerating her from liability for the share of Eli by crediting the same to her as having been paid by her, was not deprived of its force as a judgment by the special order of the General Term, added to the order granting a new trial as to Eli Hofeller. (Code Civ. Pro. § 2742; *In re Underhill*, 117 N. Y. 474; *Altman* v. *Hofeller*, 137 N. Y. 620; *Chapin* v. *Foster*, 101 N. Y. 1; *Symson* v. *Selheiner*, 105 N. Y. 660; *Lawrence* v. *Church*, 128 N. Y. 324; *Siedenbach* v. *Riley*, 111 N. Y. 560.) The General Term was in error in the grounds upon which it granted a new trial to Eli Hofeller. (*Davis* v. *Crandall*, 101 N. Y. 311, 320; *In re Hynes*, 105 N. Y. 560; Code Civ. Pro. § 2596; *Gottsberger* v. *Taylor*, 19 N. Y. 150; *Scofield* v. *Churchill*, 72 N. Y. 565; *Power* v. *Speckman*, 126 N. Y. 354; *Bellinger* v. *Ford*, 21 Barb. 314; *Priest* v. *Watkins*, 2 Hill, 225; *In re Faulkner*, 7 Hill, 181; *In re Underhill*, 117 N. Y. 471, 475.) Eli Hofeller was not legally aggrieved by the judgment rendered by the referee, and his appeal should have been dismissed by the General Term. (141 N. Y. 546; *Bryant* v. *Thompson*, 128 N. Y. 426; *People ex rel.* v. *Lawrence*, 107 Y. 607; Code Civ. Pro. § 1294; *In re Hodgman*, 140 N. Y. 430.) There was no evidence given, or offered, tending to surcharge or falsify the account as settled, or to show that it was in any way incorrect, or that there was any fraud or mistake in the settlement. (*Long* v. *Long*, 142 N. Y. 549; *Altman* v. *Hofeller*, 137 N. Y. 620; *Peck* v. *Goodberlett*, 109 N. Y. 180.)

*William Nath'l Cogswell* for respondent. The contention of the plaintiff's counsel, that the decision of the General Term reversing the judgment of the referee as against Hofeller and sending it back for a new trial was abortive, is untenable. (*Goodsell* v. *W. U. T. Co.*, 109 N. Y. 152; *Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266; *F. Nat. Bank* v. *Thomas*, 79 Hun, 595.)

MARTIN, J. The general and principal purposes of this action were to obtain a judicial settlement of the accounts of Gabriel Wile, as general guardian of Eli Hofeller, and as administrator of the estate of Lily Hofeller, deceased, and of the accounts of Schanette Wile and Lehman Hofeller, as administratrix and administrator of the estate of Sigmund Hofeller, deceased; to vacate all proceedings had or taken for any such settlement in any other court; to charge Gabriel Wile with any and all amounts of money received by him from the estate of Sigmund Hofeller, either as guardian of Eli Hofeller or as administrator of Lily Hofeller, and thereby to relieve the estate of the plaintiffs' intestate from liability by reason of his having been one of the sureties on the administrators' bond given by Schanette Wile and Lehman Hofeller.

An interlocutory judgment was entered for the settlement of such accounts, and they were finally settled by a judgment of the Supreme Court entered upon the report of a referee which was made after Eli Hofeller had attained his majority and become a party to this action. The judgment thus entered was to the effect that the portion of the estate which belonged to Eli Hofeller had been paid over to and received by his guardian, and, as to the portion which belonged to Schanette Wile, that, having become responsible for the whole estate and any devastavit thereof, she could not enforce, for her own benefit, the bond signed by the plaintiffs' intestate, and, therefore, the estate of Jacob Altman was discharged from all liability upon the administrators' bond.

From that judgment Eli Hofeller, Gabriel Wile and

Schanette Wile appealed to the General Term, where. the judgment was reversed as to Eli Hofeller, and as to the other appellants it was in all things affirmed.    Subsequently an application was made to that court to amend its decision so as to vacate the settlement of the accounts of the representatives of the estate of Sigmund Hofeller.    That application was denied.    The court, however, amended its decision by adding thereto, " but that the settlement of the accounts of Schanette Wile and Lehman Hofeller, as administratrix and administrator of Sigmund Hofeller, deceased, by the referee in this action, and the judgment therein, shall be of no force and effect as against said (Eli) Hofeller in the further proceedings in this action."    From this provision in the order the plaintiffs appealed to this court, where the appeal was dismissed upon the ground that the order of the General Term could only be appealed from by them as a whole, with the usual stipulation for judgment absolute.    (137 N. Y. 619.)    But the court, in its opinion, stated that the question might be properly raised on a new trial by the plaintiffs insisting that the accounting was conclusive notwithstanding that provision, on the ground that the General Term had no power to make the judgment of no force between the plaintiffs and Eli Hofeller, while the accounting was left to stand as between the accounting parties.    Schanette Wile as administratrix and Gabriel Wile as such guardian appealed to this court from the order of the General Term affirming the judgment as to them, and the judgment of affirmance was here affirmed. (141 N. Y. 574.)

In pursuance of the order of the General Term awarding Eli Hofeller a new trial, a referee was subsequently appointed. On the trial before him no evidence was offered to show that the previous settlement of the accounts of the administratrix and administrator of the estate of Sigmund Hofeller was incorrect, or that there was any fraud or mistake therein. The respondent insisted that the referee should retake and restate their accounts, while the appellants claimed that the former judgment settling such accounts was conclusive evi-

dence of their correctness, and that there was nothing due to the respondent from the representatives of the estate of Sigmund Hofeller. The referee held that the judgment previously entered was still conclusive between the respondent and the plaintiffs, and that the latter were entitled to a judgment discharging them from any liability upon the administrators' bond. The respondent excepted to the finding of the referee, although no exception was taking to his rulings on the trial. From the judgment entered upon the report of the last referee, the defendant appealed to the General Term, where it was reversed, and the plaintiffs have appealed to this court stipulating for judgment absolute in case of affirmance.

The only question presented upon this appeal relates to the effect of the partial reversal of the former judgment and of the provision added to the decision of the General Term by amendment. The respondent contends, and the General Term has held, not only that it was authorized to make the order amending its decision, but that the effect of that order, as to the respondent, was the same as though the former judgment had been wholly reversed and the settlement of the accounts of the representatives of Sigmund Hofeller had been vacated and set aside.

It will be helpful to a proper understanding of this question to briefly refer to the law relating to the estates of deceased persons, their settlement, and the duties and liabilities of personal representatives of decedents. Upon the death of a person, intestate, his personal estate passes into the hands of his administrators, who are alone responsible for its preservation and distribution according to law. They are required to account for the estate, parties interested are entitled to be heard upon the accounting, and when heard and a judicial settlement is had, the settlement is conclusive against all the parties who are properly cited or appeared, and all persons deriving title from any of them, as to any allowances made to the accounting party for money paid to creditors, legatees or next of kin. (Code of Civil Procedure, § 2742.) It is also conclusive upon the sureties on the administrator's bond. The same

principle applies to the sureties upon a bond given by a guardian when there has been an accounting by him. (*Scofield* v. *Churchill,* 72 N. Y. 565; *Gerould* v. *Wilson,* 81 N. Y. 573, 583; *Deobold* v. *Oppermann,* 111 N. Y. 531, 536; *Douglass* v. *Ferris,* 138 N. Y. 192, 201.) In the present case, there was a judicial settlement of the accounts of the administrator and of the general guardian of the respondent in a court of general jurisdiction where all the parties interested were before the court, including the respondent, and it was there determined that the administrator had paid to the general guardian of the respondent his distributive share in the estate; that his entire interest had been paid to and received by his general guardian as such, and that for that reason the plaintiffs were not liable upon the administrator's bond for any portion of the estate to which the respondent was entitled.

As the original judgment in this action, which has been affirmed by this court, finally settled the accounts of the administrators, and of the guardian of the respondent, so long as it remains unreversed it is conclusive and binding upon all parties. The representatives of Sigmund Hofeller cannot be again called upon to render an account, or to pay the respondent any portion of his share of his father's estate while that judgment remains unreversed, as it conclusively adjudged that his share had been paid to his guardian during his minority, and, therefore, that no liability to him exists on the part of the administrators or their sureties. The General Term, while it had power to reverse the judgment, had no authority to declare its effect while it remained unreversed. The law controlled its effect and the court could not overrule, disregard or change a valid statute. Before the General Term could properly award the respondent a new trial, which would enable him to again litigate the questions previously determined, it was necessary to reverse the former judgment. The court, without wholly reversing it, sought by an order to control its effect. As the statute was superior to the order the former controlled. By virtue of the former judgment, the plaintiffs acquired certain rights, one of which was complete immunity

from any liability upon the administrators' bond. The General Term refused to reverse that judgment, but attempted to attach as a condition to its affirmance, a provision that it should not have the effect given it by the statute. We are aware of no authority to justify such an order, and are, therefore, of the opinion that the order of the General Term amending its former decision did not have the effect claimed, and that it in no way limited or changed the rights of the plaintiffs under the judgment from which that appeal was taken.

The only other question that need be considered is whether the General Term had authority to reverse the judgment as against the respondent, and to affirm it as to the other parties to the action. The rule seems to be well settled that upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to the recovery and as to all the parties. But in cases where there are separate and distinct judgments, or where an error exists as to a separate claim or defense, which relates only to a transaction between the plaintiff and one of the defendants, the judgment may be reversed as to such a claim or defense, and only as to the parties interested therein, and affirmed as to the remainder. These rules are not of recent origin. They existed and were practically the same at common law, under the Revised Statutes, the Code of Procedure and the Code of Civil Procedure. (*Richards* v. *Walton*, 12 Johns. 434; *Arnold* v. *Sandford*, 14 Johns. 417, 425; *Van Bokkelin* v. *Ingersoll*, 5 Wend. 315; *Sheldon* v. *Quinlen*, 5 Hill, 441; *Farrell* v. *Calkins*, 10 Barb. 348; *Story* v. *New York & Harlem R. R. Co.*, 6 N. Y. 85, 89; *Wolstenholme* v. *Wolstenholme File Mfg. Co.*, 64 N. Y. 272; *Goodsell* v. *Western Union Tel. Co.*, 109 N. Y. 147; *Board of Underwriters* v. *Nat. Bank*, 146 N. Y. 64.) In *Richards* v. *Walton* it was held that where a judgment was entire it must be affirmed or reversed *in toto*. In that case two persons were sued in Justice's Court, and one only appeared. The justice gave judgment against both, and it was held that, it being

erroneous as to the defendant, who did not appear, it must be reversed as to both.   The *Arnold* case was to the effect that an entire judgment against several defendants could not be reversed as to one and affirmed as to the others.   In the *Van Bokkelin* case the chancellor stated the rule to be that when distinct judgments are given by the court below one may be reversed and the other affirmed, but when the judgment is entire there must be a total affirmance or reversal.   In the *Sheldon* case it was held that a judgment for distinct things might be reversed in part and affirmed as to the residue, but an entire judgment against several defendants, whether rendered in an action for tort or upon contract, could not be reversed as to one defendant and affirmed as to the others. In *Farrell* v. *Calkins* (10 Barb. 348), MASON, P. J., after citing a number of cases, said :  " The rule is well settled in these cases that an entire judgment against several defendants, whether rendered in an action for tort or upon contract, cannot be reversed as to one defendant and affirmed as to others." In the more recent case of *Goodsell* v. *Western Union Tel. Co.*, the rule applicable to this question, and the cases arising since the Code, were reviewed, and it was there held that in an action to recover money, where the complaint set up two causes of action, and a judgment for a gross sum had been rendered in favor of the plaintiff, the General Term had no authority to affirm the judgment as to one cause of action and reverse it and grant a new trial as to the other ; that if error was found it should reverse the entire judgment and grant a new trial, or it might affirm as to one cause of action upon condition that the plaintiff would stipulate to abandon or waive his recovery upon the other, but that a new trial could only be granted as to the whole action.   It was also held that the provision of the Code of Civil Procedure (§ 1317) which provides that, " upon an appeal from a judgment or an order, the court, or the General Term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from,  *  *  *  as to any or all of

the parties; and it may, if necessary or proper, grant a new trial or hearing," did not increase the powers of appellate courts; that if, in a common-law action against a single defendant, there was error affecting only part of the judgment, and the record was in such a condition that by a reversal in part, or a modification thereof, the error could be eliminated and the judgment made right without a new trial, the Code conferred power upon appellate courts to make the modification or correction, and also where, in such an action, there were several defendants, and there was error affecting only one who had a separate defense, the judgment as to him might be reversed and a new trial ordered, leaving the final judgment to stand as to the others. This review of the authorities plainly discloses that neither at common law nor under the statute had the General Term any authority to reverse an entire judgment and grant a new trial as to one of the parties and affirm it as to the remainder.

The respondent, however, contends that the rule applicable to suits in equity is different, and that in such a suit a decree may be reversed as to some of the parties and sent back for a new trial, while as to others it may be permitted to stand. That there are cases where this may be properly done in an equity action, we have no doubt. Our attention, however, has been called to no authority which sustains the doctrine that where there is error which requires a reversal, the judgment can be properly reversed and a new trial granted as to some of the defendants and affirmed as to others, unless in a case where their interests and the issues between them are so far separate that upon a new trial the issues between the plaintiff and the defendants as to which it is affirmed will not be involved or determined; so that there cannot be two different and inconsistent judgments upon the same issue in the action. The rule in this respect must, we think, be the same in a suit in equity as in an action at law. If the subject or issue as to which a new trial is granted is so far separate and distinct from the other issues in the case, is one in which the party in whose favor it is granted is alone interested so

that any judgment that may be rendered upon it can in no way affect the other parties who are joined with him, then, doubtless, the court would be authorized to grant a new trial as to one and affirm as to the others. In such a case the only parties interested are the plaintiff and the defendants as to whom the new trial is granted. It is the same so far as that issue is concerned as it would have been if there were no other parties to the suit. But when a new trial is granted as to an issue that affects all the parties, and when all are interested in any judgment that may be rendered thereon, it should be either entirely reversed or affirmed as to all the parties. In such a case the court has no authority to reverse and grant a new trial as to part and affirm as to the others. Any other rule would result in conflicting judgments in the same action, affecting the same parties, and would produce a degree of confusion and uncertainty that would render the proper and orderly administration of the law quite impossible. In the language of Judge GRAY in *Board of Underwriters* v. *Nat. Bank* (146 N. Y. 64, 67): "Such a practice cannot be approved, for it would lead to the utmost confusion, and permit what has been condemned in this court; namely, that one portion of the cause could be sent back for a new trial and that the other portion might be brought here. If the judgment must be reversed for error, the error necessarily reverses the entire judgment and the new trial must be as to the entire claim."

That all the defendants against whom the judgment in this case was rendered were interested in the issues as to which the new trial was granted, is manifest. Moreover, the plaintiffs were not only interested in the judgment awarded, and that it should bind all the parties to the action, but if a new judgment was to be rendered, they were also interested in having it awarded under such circumstances as would make it binding upon all the parties, including the administrators for whom their testator became surety, and the guardian of the respondent to whom the funds of the estate were paid.

These considerations lead to the conclusion that the order

of the General Term reversing the original judgment as to one of the defendants and affirming it as to the others, was unwarranted, and that upon the retrial of this action the referee properly held that the original judgment was still binding upon all the parties, and the plaintiffs were entitled to the relief awarded. Hence, it follows that the judgment of the General Term reversing the judgment entered upon the report of the last referee should be reversed, and the judgment entered thereon affirmed, and judgment absolute rendered against the respondent, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment accordingly.