THE CITY OF BUFFALO, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

APPEAL — POWER OF APPELLATE DIVISION TO REVERSE OR AFFIRM WHOLLY OR PARTLY — CODE CIV. PRO. § 1317. Where a judgment rendered in an action at law or in equity consists of distinct parts so separate and independent in form and nature as to be easily severed and each is in fact a distinct adjudication, the Appellate Division, in the exercise of a sound discretion, may upon appeal affirm the adjudication not affected by error and reverse the adjudication which is affected by error and grant a new trial as to that portion of the issues only, the application of the rule depending upon the form and nature of the judgment rendered rather than upon the forum of the action.

*City of Buffalo* v. *D., L. & W. R. R. Co.*, 81 App. Div. 655, affirmed.

(Argued October 8, 1903; decided October 30, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 26, 1903, which denied a motion to amend a judgment of that court on appeal.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles L. Feldman, Corporation Counsel (Edward L. Jung* of counsel), for appellant. The Appellate Division has no power or authority to make the order it did make in this case. (Code Civ. Pro. § 1317; *Story* v. *N. Y. & H. R. R. R. Co.,* 6 N. Y. 85; *Wolstenholme* v. *W. Mfg. Co.,* 64 N. Y. 272; *Goodsell* v. *W. U. Tel. Co.,* 109 N. Y. 147; *N. B. Underwriters* v. *Nat. Bank,* 146 N. Y. 57; *Altman* v. *Hofeller,* 152 N. Y. 498; *Wilson* v. *M. O. Co.,* 170 N. Y. 542; *Arthur* v. *Griswold,* 55 N. Y. 400; *Pollett* v. *Long,* 56 N. Y. 200; *Gray* v. *M. Ry. Co.,* 128 N. Y. 499; *Freel* v. *Queens County,* 154 N. Y. 661; *Benedict* v. *Arnoux,* 154 N. Y. 715; *Matter of Chapman,* 162 N. Y. 456; *Van Beuren* v. *Wotherspoon,* 164 N. Y. 368.)

*John G. Milburn* for respondent. The judgment of the Appellate Division was proper and authorized in form. (Code Civ. Pro. § 1317; *Kelsey* v. *Western,* 2 N. Y. 505.)

VANN, J. This action was brought to procure a decree that a strip of land fronting on Buffalo river in the city of Buffalo, situated partly on the east and partly on the west side of Main street, is a public street and to require the defendant to remove certain obstructions therefrom. The action was in equity and while but one decree was entered it consisted of two adjudications resting on separate findings settling different issues, each relating to a distinct piece of real estate, and supported by evidence peculiar thereto. The first adjudication was that the parcel of land on the east side of Main street is a public street of the city of Buffalo and the defendant was required to remove all obstructions that it had placed

thereon. The second adjudication was that the parcel of land on the west side of Main street is not a public street of said city but is the property of the defendant, and the complaint was dismissed as to that parcel. The defendant appealed from the first and the plaintiff from the second adjudication to the Appellate Division, which affirmed as to the latter but reversed as to the former, and ordered a new trial both on the law and the facts as to that branch of the controversy only.

An application was thereupon made by the plaintiff requesting the Appellate Division to so modify its order as to grant "a new trial of the whole action," and from the order denying said motion this appeal was taken, the following question having been certified to us for decision : " Considering that the river frontage west of Main Street involved different issues from the river frontage east of Main Street and that there was a separate adjudication in one and the same judgment by the trial court as to each locality, from each of which a separate appeal was taken; and the Appellate Division having on the appeal of the plaintiff from the adjudication as to the river front west of Main Street affirmed the judgment of the lower court; and having on the appeal of the defendant from the adjudication as to the river front east of Main Street reversed the judgment of the lower court upon the law and the facts and granted a new trial, had the court power to make the order or judgment it did make in conformity with its actual determination of the separate appeals ? "

The plaintiff claims that the Appellate Division had no power to grant a new trial as to part of the issues only and that it was its duty to so modify its order as to grant a new trial as to all the issues.

The defendant claims that in an action in equity affecting separate parcels of land, where by distinct adjudications in the same decree the plaintiff succeeds as to one parcel and the defendant as to the other and cross-appeals are taken, the Appellate Division has power to affirm as to the one and

reverse as to the other and to grant a new trial as to such issues only as are affected by the reversal.

When a judgment consists of a single adjudication, such as the recovery of a gross sum of money, even if it is founded upon several causes of action, the rule has long prevailed that the appellate branch of the Supreme Court cannot affirm as to a part and reverse with a new trial as to the remainder only, but the reversal must include the entire judgment and the new trial extend to all the issues. (*Altman* v. *Hofeller*, 152 N. Y. 498, and cases therein cited; *Van Bokkelin* v. *Ingersoll*, 5 Wend. 315, 340.)

As judgments in actions at law are usually for a gross sum of money, or for the possession of a single piece of property, the rule has frequently been stated as if it applied only to actions on the law side of the court, with entire accuracy as to the cases to which the rule was applied, but without strict accuracy as to the small number of actions at law in which distinct and separate adjudications are made. In other words, the exception to the general rule has not usually been mentioned in the decision of those cases to which it did not apply.

Where a judgment consists of distinct parts so separate and independent in form and nature as to be easily severed, and each is, in fact, a distinct adjudication, the Supreme Court may upon appeal affirm the adjudication not affected by error and reverse the adjudication which is affected by error and grant a new trial as to that portion of the issues only. This rule has frequently been stated as if it were confined to actions in equity, to which, indeed, it mainly applies, because there are but few judgments except those rendered by courts of equity which consist of distinct and independent adjudications. We think the rule to be applied depends upon the form and nature of the judgment rendered rather than upon the forum of the action and the statute regulating appeals, which simply codifies the practice as it had long prevailed, as well as promptness in the administration of justice, invite this construction. (Code Civ. Proc. § 1317.) Power to "reverse or affirm, wholly or partly," implies that part may be affirmed

and part reversed, because the part not reversed must be affirmed. Thus, if in an action of ejectment for separate parcels of land, each depending upon an independent chain of title, there is a verdict for the plaintiff as to one and for the defendant as to the other, and each party appeals from the separate adjudication against himself, we see no reason why it is not within the power of the court to affirm as to one and reverse as to the other. So when a special verdict by a jury, or separate findings by the court or referee settle the facts as to independent causes of action and distinct adjudications follow in the same judgment, a retrial of all the issues is not required on account of an error affecting one adjudication only. Why should a cause of action, determined without error, be tried over again because another cause of action, joined with it in the complaint, but severed from it in the judgment, requires a retrial? Why should time and money be expended upon a trial which is unnecessary? If the judgment is entire, even if it might have been otherwise, it cannot be so severed on the decision of an appeal as to grant a new trial of part of the issues only without confusion and danger. If, on the other hand, it is comprised of distinct and independent adjudications, we think the Appellate Division has the power to sustain the adjudication which correctly disposes of the issues to which it is confined and allow it to stand, while as to the issues which relate wholly to a separate adjudication, infected with error, a new trial is granted. Inconsistent judgments cannot arise from such a course, because the determination of the one controversy does not involve the other. We also think that while the Appellate Division has this power, it is not obliged to exercise it, but the subject rests in its sound discretion to sever the issues or not, and to award a new trial as to all, or a part only, accordingly. (*Van Bokkelin* v. *Ingersoll*, 5 Wend. 316, 340; *Smith* v. *Jansen*, 8 Johns. 111, 116; *Bradshaw* v. *Callaghan*, 8 Johns. 558, 566; *Altman* v. *Hofeller, supra; Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542, 552; *Gray* v. *Manhattan Railway Co.*, 128 N. Y. 499, 509; *Story* v. *N. Y. & H. R. R. Co.*, 6 N. Y. 85, 89, 91; *Frederick* v.

*Lookup*, 4 Burr. 2018, 2022.)    The subject was so thoroughly considered in the recent case of *Altman* v. *Hofeller* that further discussion is unnecessary.

The application of the rule to the case in hand requires us to affirm the order appealed from, with costs, and to answer the question certified in the affirmative.

O'BRIEN, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., absent.

Order affirmed.